MAYNARD, Assignee, etc., *v.* GREEN and others, Ex'rs, etc.

(*Circuit Court, S. D. New York.* April 13, 1887.)

EQUITY—SUPPLEMENTAL BILL—ACCOUNTING.

A. brought a bill in equity against B., alleging that A. and B. were partners; that an attempt was made to incorporate, but the incorporation was not perfected, and the business continued to be carried on as a partnership; that certificates of stock were issued for the purpose of distributing evidence of the ownership of the property among the parties interested; that A. pledged to B. certain of the certificates of stock for advances made by B.; that said advances were in reality advances on account of A.'s share of the undistributed profits in B.'s hands, and that the pledges were void; and prayed for a partnership accounting, and that the pledges be declared void. An amendment to the prayer of the bill was allowed, to enable the plaintiff to redeem the stock, in case the court should find that the corporation was duly organized, and that the pledges were valid. *Held,* that a supplemental bill, averring that there was a corporation, and alleging facts relating to its management, such as were claimed to entitle plaintiff to have the funds of the corporation, (which were in B.'s hands at his death,) divided between the stockholders, would not be allowed to be filed, although the facts alleged occurred subsequent to the filing of the original bill, as it made a case in antagonism to the case made by the original bill.

*Francis C. Barlow* and *Charles W. Wetmore,* for plaintiff.
*James C. Carter* and *Frank E. Smith,* for defendant.

SHIPMAN, J. This is a motion to amend the bill, and to file a supplemental bill. The facts in the case are stated in the opinion of the court in *Maynard* v. *Tilden,* 28 Fed. Rep. 688. The original bill was based upon the theory that the relations between Mr. Wetmore and Mr. Tilden were those of partners, but that, for the purpose of distributing evidence of the ownership of the property among the parties interested therein, certificates of stock were issued; that the loans and advances of Mr. Tilden were advances made on account of Mr. Wetmore's share in the undistributed profits of the business; and that the pledges were void. The bill prayed that the pledges should be declared void, that the defendant should account in regard to the copartnership dealings, and should pay the plaintiff whatever might be found due upon a settlement of the account. The court found that the relations between Messrs. Wetmore and Tilden were those of the only actual stockholders of record in a corporation, and that valid and unredeemed pledges of its stock had been made by Mr. Wetmore to Mr. Tilden individually, and as trustee for the corporation.

The plaintiff contended that if the iron mine was a corporation, yet that its funds could be divided in this suit between the plaintiff and Mr. Tilden, inasmuch as the latter had reduced nearly all the assets of the corporation into money; held the money in his own name; the two were the only stockholders of record; there was merely a nominal board of directors; the corporation had ceased to do business, and had a bare legal existence. The plaintiff was permitted to amend his bill so as to ask that in the event that the court should find that the corporation was

duly organized, that the property was transferred to it, and that the pledges, or, any of them, were valid, there should be an ascertainment of the amount due upon them, and a decree for the redemption of the pledged stock; but it was said that it was not possible, under the bill, to direct the division of the money of the corporation in the possession of Mr. Tilden, on the ground that he and the plaintiff were the only stockholders, and that the directors had only a nominal existence.

If a corporation has parted with all its property, and has been determined to be extinct, and there are funds belonging to the stockholders in the hands of the defendant, as was the case in *Cramer* v. *Bird*, L. R. 6 Eq. 143, a stockholder can bring his suit against the defendant for relief, without asking the corporation to act; but when the corporation is an existing one, having property in its own name, and is capable of suing, the plaintiff cannot sue a co-stockholder individually, for the portion of the funds of the corporation in his hands which would belong to the plaintiff upon a division of the moneys of the corporation among the stockholders, it being a right of action existing in the corporation itself, unless the bill avers a state of facts which prevents the corporation itself from commencing the suit, and which compels the plaintiff to take the initiative, such as are specified or referred to in *Hawes* v. *Oakland*, 104 U. S. 450.

While the plaintiff claims that the facts in this case, which are stated in the former opinion, fully show that the corporation is, through its inertness, oppressively managing the funds in such a way as to violate the rights of the plaintiff; yet, if the appropriate allegations should be introduced by way of amendment, the theory of the original bill would be destroyed, and a new bill, upon a state of facts entirely at variance with those in the original bill, would be substituted,—a course which, under the form of an amendment, would make a new and different case, in violation of the principles announced in *Shields* v. *Barrow*, 17 How. 130; *Hardin* v. *Boyd*, 113 U. S. 756, 5 Sup. Ct. Rep. 771; and *Richmond* v. *Irons*, 7 Sup. Ct. Rep. 788.

In allowing the amendments which were suggested in the former opinion, the court went as far as it could go to save the bill, and to prevent the expensive litigation from being entirely fruitless. It was thought that the Iron Mine, a Michigan corporation, created under the authority of the state of which the plaintiff is a citizen, could be considered, under the peculiar circumstances of the case, (the real controversy being between the two stockholders, and the corporation being a mere shell, but whose presence in the case was useful for ministerial purposes,) while a necessary—a formal—party in the amended bill to ascertain the amount due upon the pledges to Mr. Tilden individually and as trustee. *Walden* v. *Skinner*, 101 U. S. 589. Whether service can now be made upon the corporation, under the recent statute of March 3, 1887, I do not decide.

The plaintiff now asks leave to file a supplemental bill, and set up the facts which took place after March 4, 1881, the date of the filing of the original bill. These facts are the mere nominal position of the directors towards the corporation, their neglect of their duties, their collu-

sion with Mr. Tilden in his injurious acts, the cessation of the business of the corporation, the conversion of its property into money, and its incapacity to resume business. The prayers are that the executors of Mr. Tilden account as trustees for all moneys of the Iron Mine for which he was chargeable at the time of his death, that the said moneys may be divided between the plaintiff and the said executors as stockholders, and that, out of the plaintiff's share thereof, the indebtedness for which said 5,333 shares are held may be paid, and the balance remaining may be paid over to him.

The ground upon which this application is made is that the facts which pointedly show the complete control which Mr. Tilden took of the business and property of the New York Mine, and his improper conduct towards the corporation and his co-stockholder, and the negligent and destructive manner in which the directors permitted him to manage the property, occurred after May, 1883, and that facts which took place after the suit was brought cannot be inserted in the bill by amendment, but must be made the subject of a supplemental bill. Premising that the prayer of the bill could not be granted to its full extent, because the plaintiff and Mr. Tilden's executors are not the only parties in interest, for Peter White has a first lien upon 1,000 shares of stock, the certificates of which he holds, the question is whether a supplemental bill will lie in favor of the plaintiff, against the executors of Mr. Tilden, to recover from them the moneys of the corporation, for which he was chargeable; the bill making proper averments of the fraudulent and negligent acts of the directors, and their neglect and refusal to do anything in behalf of the corporation.

A supplemental bill is generally filed to state facts which occurred after the suit was brought, and which compel an alteration or a modification of the relief which was originally sought. It may also be filed to supply a defect in the original bill, which was not discovered in time for amendment. To a certain extent, relief of a different kind or on a different principle from that which was sought in the original bill may be sought in a supplemental bill, and a new and different case may be introduced. Story, Eq. Pl. §§ 333, 351b. But the illustrations which are found in the reported cases of the kind of new relief which may be sought, and the kind of a new case which may be introduced in a supplemental bill, are very different from the new case which the plaintiff desires to make. In the permitted instances, the new case was something which had a near relation to, or a natural connection with, the original bill, and the relief was a modification or an enlargement of the relief which was originally sought.

In this case the amended bill sets up a partnership, and invalid pledges of an interest in future partnership profits under the form of pledges of stock, and prays for an account and a decree that the pledges are invalid; but if the court should find that there was a corporation, and that the pledges were valid, it prays for an ascertainment of the amount due upon them. The amended bill makes no averment of the existence of the corporation. The supplemental bill avers that there was a corporation;

that its president and treasurer managed its affairs in an oppressive and inequitable manner, and kept its moneys in his own name; that the nominal board of directors colluded with him, and refused to take remedial measures; and asks that the funds of the corporation which were in his hands at the time of his death may be divided between the plaintiff and his executors, and that the plaintiff's share may be applied in payment of the debts for which the stock was pledged.

This is not only a departure from the amended bill, but the new position is in antagonism to the amended bill. Without asserting that a supplemental bill can never make a wider departure from the original bill than would be permitted in an amended bill, if the new facts had occurred in time for amendment, and the amendments had been seasonably applied for, it seems plain that this supplemental bill is demurrable, because it is not, in any proper sense, a supplemental bill, but makes a new case, which is in opposition to the case made by the original bill. The difficulty is that the original bill was brought upon a supposed state of facts which did not exist, and that, unless legislation shall permit a more radical system of amendments of bills in equity than now exists, it is not allowable, under the form of a supplemental bill, to set up a class of facts which are at complete variance with and antagonistic to the facts which were alleged in the original bill as the ground of recovery.

The motion for leave to file a supplemental bill is denied. The amendments as asked for are allowed, with the omissions of the words in the sixth folio of the third page, "or should have been applied," and the words, "or which ought to have been applied," the omission of the figures "5,333" in the seventh folio upon the fourth page, and the substitution of the figures "4,000" in lieu thereof, and the omission of the prayer for payment of a balance due to the plaintiff in the same folio.