[No. 792.  Decided May 31, 1893.]

Rockford Shoe Company, *Respondent*, v. A. J. Jacob, *Appellant*.

PLEADING — ESTOPPEL — PREMATURE ACTION — DISMISSAL.

Plaintiff, on the 25th day of February, 1892, brought an action for goods sold and delivered defendant, alleging that the price became due on the 1st of February, 1892.  Defendant answered that by the terms of credit given to defendant the price became due April 1, 1892.  The plaintiff replied, admitting that it extended "the time for payment to April 1, 1892, making the same due and payable at said time."  *Held,* That, the plaintiff having admitted the extension of time of payment in its pleading, it is estopped to say that such extension was void for want of consideration, and defendant is entitled to judgment of dismissal on the pleadings, on the ground that the action was prematurely brought.

*Appeal from Superior Court, Pierce County.*

*Stevens, Seymour & Sharpstein,* for appellant.

*Shank, Murray & Dresbach,* for respondent.

The opinion of the court was delivered by

Hoyt, J.—The judgment against defendant in this case was rendered upon motion of the plaintiff upon the pleadings, and the only question raised by the appeal of the defendant is, as to whether or not the pleadings warranted the construction placed upon them by the court in its determination that upon the undisputed allegations contained therein the plaintiff was entitled to recover.  The action was brought for goods sold and delivered, and it was alleged in the complaint that the amount to be paid therefor became due on the 1st of February, 1892.  The action was commenced on the 25th day of February, 1892.  Defendant, in his answer, after making certain denials, made an affirmative allegation as follows:

"And defendant, further answering, alleges that at the time of the commencement of this action there was no sum

whatever due and payable by defendant to the plaintiff. That defendant had, prior to the commencement of this action, bought certain goods of plaintiff, which, by the terms and credit given to defendant, became due and payable on or about the 1st day of April, 1892, and not before that time, and that the goods so purchased by defendant were the only goods purchased by defendant of plaintiff for which plaintiff has not been fully paid, and were, as defendant is informed and verily believes and alleges, the same goods described or attempted to be described in the complaint in this action.''

To this affirmative matter the plaintiff replied as follows:

''That plaintiffs admit that they extended the time for the payment of the said goods to April 1, 1892, making the same due and payable at said time.    Wherefore plaintiffs pray for judgment against defendant in the sum named in complaint, and that the costs of this action be taxed to plaintiffs.''

The contention of the appellant is, that upon this affirmative allegation in his answer, and the admission in the reply of plaintiff, it must be held that at the time of the commencement of the suit there was nothing due from him to the plaintiff, and that he should have had judgment of dismissal, and for his costs against the plaintiff.    The respondent contends that it not being alleged in said affirmative defense that the time of payment for the goods as therein alleged was postponed until the first of April at the time of the purchase, nor upon sufficient consideration at any time thereafter, it was insufficient to meet the allegations of the complaint, and that by admitting the truth thereof in its reply it only admitted it for what it was worth, and that, for the reason that it did not appear on the face thereof that the extension of credit was for a consideration, it was worth nothing.

We are unable to agree with this contention on the part of the respondent.    It is true that the affirmative allegation in the answer is not as definite as it might have been,

and a motion to make the same more definite and certain would have probably been granted; but instead of making such motion the plaintiff not only admits the truth of the allegation as pleaded, but expressly admits that the time of payment was extended until April 1st, and that the same was due and payable at said time.     Having done this it cannot now be heard to say that such extension was void for want of consideration.     To allow such a practice would be to encourage the setting of a trap by one party to unwarily catch the other upon some pure technicality. · When plaintiff, in such general terms, itself admitted and alleged that it had extended the time for the payment of said goods to April 1, 1892, it must be presumed as against it that such extension was upon sufficient consideration.     It follows that upon the pleadings as they stood the defendant, and not the plaintiff, was entitled to a judgment.

Respondent, however, suggests that the court erred in dissolving the attachment which was issued at the time the suit was commenced, and that we should now review its action in that regard, and if we find that the attachment should have been sustained we will allow it to stand, thus furnishing a basis for sustaining the suit upon the demand, although not due at the time the action was commenced. But, in view of the fact that the plaintiff has in no manner appealed from the decision of the court dissolving said attachment, we think that that question is not before us.     It certainly would not be a proper practice upon the appeal of a defendant in a law case to review decisions of the lower court made in the progress of the case in his favor, and to which he had preserved no exception.     It follows that the judgment cannot be allowed to stand, and that the defendant is entitled to have the action dismissed as having been prematurely brought.     However, that the rights of the plaintiff may not be barred, such dismissal must be upon

the ground that the amount sued for was not due, and must be without prejudice to the bringing of another action.

The judgment will be reversed, and the cause remanded with instructions to enter a judgment of dismissal in favor of the defendant and against the plaintiff, as above suggested.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.