[No. 1496.  Decided December 15, 1894.]

THE COMMERCIAL BANK OF TACOMA, WASHINGTON, *Respondent, v.* JOHN F. HART ET AL., *Appellants.*

ACTION ON NOTE—ANSWER—EXTENSION OF PAYMENT—CONSIDERATION—EVIDENCE—CUSTOM—JUDICIAL NOTICE—JUDGMENT.

In an action upon a promissory note executed in bank, which by its terms is past due, an answer states a good defense when it alleges that on the day of the execution of the note and after its delivery the plaintiff and defendants entered into an oral agreement, in consideration of the deposit of certain collateral with the plaintiff, whereby it was agreed that the time of payment of the note should be extended for an additional three months beyond the time expressed upon the face of the note ; and that the plaintiff retains said

security and refuses to extend the payment or permit a renewal of the note; and that, by reason of such facts, said note is not due and will not be until the time of the extension agreed upon. (HOYT, J., dissents).

Where an extension of the time of payment of a promissory note is pleaded in defense of an action thereon, without setting out the rate of interest to prevail during the extended time, the presumption is that, if the payment has been extended, all the other conditions of the note would remain just as they were, and that the note would draw the same rate of interest until the expiration of the extension.

Although it is the custom of banks to extend the time of payment of notes only by renewal, such custom is not a matter for judicial notice in the face of a pleading setting up a special contract by a bank in violation of the established custom.

Although a pleading may fail to allege any value to certain collateral pledged as security for the extension of payment of a note, yet some value will be presumed from the fact that, as further alleged, such collateral was accepted and retained upon the agreement that the note should be extended.

The fact that a promissory note falls due during the pendency of an action prematurely brought thereon, will not entitle plaintiff to judgment.

*Appeal from Superior Court, Snohomish County.*

*Coleman & Hart* and *Town & Dillon*, for appellants.

*F. Campbell,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—On August 7, 1893, the defendants executed to plaintiff their promissory note for $5,000, due in three months from date, providing for ten per cent. attorney's fee. It is alleged that plaintiff was the owner of the note, and that it was a corporation. Defendant denied any knowledge or information sufficient to form a belief as to the allegation concerning the plaintiff being a corporation; admitted that the plaintiff is the owner and holder of the note sued upon, but denied that the whole amount thereof, or any part thereof, either principal or interest, was due at that time, or

at the commencement of the action. The material part of the allegation which we are called upon to investigate was as follows :

"That, to-wit, on August 7, 1893, after the execution and delivery of said note herein sued upon, the plaintiff, through its duly authorized agent, and the defendants, entered into an oral agreement whereby it was orally agreed, by and between the plaintiff and defendants, that the plaintiff would extend the time of payment of said note, described in plaintiff's complaint, for three months longer, or until February 7, 1894, if the defendants would give to the plaintiff a block of ten thousand dollar stock in the Tacoma Eastern Railway Co., as and for additional security for the payment of said note. That in pursuance of said agreement, and in consideration of said extension and agreement to extend, the defendants did turn over and deliver to the plaintiff the said ten thousand dollars of stock in the Tacoma Eastern Railway Co., which said stock was then and there accepted and received by the plaintiff, with the distinct understanding and agreement that the note should and was to be extended until February 7, 1894 ; and that said plaintiff now holds the said stock as security to said note, and refuses to extend or permit a renewal of said note. That by reason of the foregoing facts the said note is not now due and will not be due until the 7th day of February, 1894."

The complaint in this case was filed prior to the 7th day of February, 1894. The plaintiff moved the court to strike defendants' answer from the files and for judgment upon the alleged ground that the answer was sham, frivolous and irrevelant ; and upon the hearing of said motion the court granted the same and rendered judgment for the plaintiff for the sum of $5,000, together with interest from November 7, 1893, at the rate of one and one-half per cent. per month, and the sum of $500 attorney's fees, and for costs ; from which judgment defendants appeal.

In sustaining said motion to strike, and rendering judgment upon the pleadings, we think the court committed error. The matter pleaded in defense here was not a contemporaneous agreement which attempted to vary the terms of the written contract, and which could not therefore be pleaded on the supposition that such agreement would have

20–10 W

been merged in the written contract; but it seems to us that it was an agreement made and entered into after the execution and delivery of the original contract, and an agreement for a consideration. The consideration for the note was expressed in the note itself. The consideration for the agreement to extend the time was an independent consideration, viz., additional security. It is strenuously insisted by the respondent that the answer shows upon its face that it is sham and frivolous, for the reason that the second agreement was entered into on the same day that the original note was executed; and it is argued that if there had been any such agreement, it would doubtless have been incorporated in the original contract. This might be an argument to present to the court or jury upon the merits of the case, going to prove the improbability of the truth of the statement made in the answer. But it seems to us that it can in no way be taken into consideration in determining any question upon the sufficiency of the pleadings; and even if it could, it might reasonably happen that, after the note had been executed, information may have come to the plaintiff that the security which it had taken was not sufficient, even upon the same day. There is nothing to show whether this second agreement was made one hour after the execution of the note, or ten or fifteen or twenty hours even; and it might reasonably be that upon such information being obtained, or without it, upon further deliberation, the plaintiff might have been willing to extend the time of payment for the purpose of obtaining additional security. The note having been executed and the consideration presumably paid at the time of its execution, prudence might have suggested to the plaintiff to enter into this second contract. Certain it is, if the statements made in the answer are true, that additional security which was not provided for in the original contract was offered and received by the plaintiff from the defendants, and it now holds the same; and it is as unreasonable to suppose that the defendants, after the execution of the note, would voluntarily and without consideration yield up additional security to the plaintiff,

as it is to suppose that the plaintiff would enter into an agreement to extend the time in consideration of additional security. At all events, the plaintiff would have a right to make this second contract if it saw fit to do so, and the answer plainly states that it did.

It is urged by the respondent that the proper construction of the language employed in this answer is that the note was to be renewed at the end of three months. But that is not the language of the answer. There is nothing said about the renewal of the note ; but the allegation is that the plaintiff would extend the time of payment of said note for three months longer, or until February 7. This language is plain, unambiguous and not susceptible, it seems to us, of construction. The ordinary understanding of such language is that the time of payment is to be extended, and if the time of payment is to be extended, then the note does not fall due under the agreement until that time is reached, for a note is due when it is payable.

It is also urged that the defendants have not alleged that there was any absolute extension of time for a definite period on certain terms and conditions, because they do not allege that the same rate of interest is to prevail during the extended time. It seems to us that the reasonable construction is that if the time of payment was to be extended, all the conditions of the note would remain just as they were until that time had expired, and that naturally the note would draw the same rate of interest that it drew originally. It is insisted by the respondent that it is the custom of banks to extend the time of payment of notes only by renewal, and that the court will take judicial notice of that custom. The court would not be justified in taking judicial notice of the manner in which banks conduct their private business with their customers ; and if it should be conceded that such was the custom of banks, there is no law to prevent a bank making a special contract in violation of any established custom ; and in the face of the allegations of this answer, the court would not be justified in concluding that the bank did not make such special contract.

Another objection raised by the respondent is that the answer does not allege that the stock pledged as additional security was of any value. It alleges that the stock was then and there accepted and received by the plaintiff with the distinct understanding and agreement that the note should and was to be extended, and it seems to us that if this stock was accepted in accordance with this agreement, some value would be presumed.

It was decided by this court in *Staver & Walker v. Missimer*, 6 Wash. 173 (32 Pac. 995, 36 Am. St. Rep. 142), that a promise to forbear to sue for a definite time, where the promise was based upon a sufficient consideration, was a good plea in bar to an action. It seems to us that this case falls within the rule there laid down.

Respondent, however, filed a motion for judgment after the 7th day of February, 1894, when it is conceded that the note was due, and it urges that for that reason it is entitled to the judgment in any event. But the action was commenced and costs had accrued prior to the time that the note was due; and it would not be just to allow the defendants to have costs imposed upon them simply because, after the commencement of the action and the accruing of the costs, motion was made for judgment after the time that the note really became due. See *Rockford Shoe Co. v. Jacob*, 6 Wash. 421 (33 Pac. 1057).

The judgment will be reversed and the cause remanded with instructions to try the cause on the issues made by the pleadings, including the answer stricken.

SCOTT and STILES, JJ., concur.

HOYT, J. (*dissenting*).—I am unable to construe the allegations of the further answer as do the majority of the court, and for that reason am unable to concur in their opinion. It appears from such answer that the note in question was given in renewal of a former one, and in view of that fact, and of the practice of bankers which is so universal that the court should take judicial notice thereof, and of the language used by the defendant which must be held to have

been as favorable to his contention as the facts would warrant, the contract, which he alleges, was not one which extended the time of payment of said note as such. It was only an agreement that the bank would grant another extension of the time for the payment of the debt upon the execution of a new note and the payment of the interest upon the one in question, when it became due. It is true that the language of one clause would perhaps justify the contention that the agreement was to extend the time of the payment of the note so that it should, from the date of such extension, become due in six instead of three months. But when this clause is construed with the rest of the answer, it is not sufficient to show that the date when the note would mature was changed by the agreement entered into after its execution.

The more reasonable construction of the entire transaction stated in the answer is that by such agreement the bank contracted that when the note became due at the expiration of three months, it would, upon the payment of interest and the execution of a new note, extend the time of payment as it had before done. If this was the contract, the note became due according to its terms, and the debt thereby secured could be then collected, unless the time of payment was extended by the execution of a new note and the payment of interest in accordance with the intention of the parties.

With this construction the answer was clearly insufficient, and the judgment upon the pleadings was warranted.