[No. 3620.   Decided December 22, 1900.]

W. B. AUGIR, *Appellant,* v. C. L. FORESMAN, *Respondent.*

ATTACHMENT—ACTION ON NOTE BEFORE DUE—DISSOLUTION OF WRIT
    —EFFECT.

Where an action has been commenced upon a promissory
note before maturity and the property of the maker attached,
under Code Proc., § 290, which provides that an action may be
commenced and the property of the debtor may be attached
previous to the time when the debt becomes due, when nothing
but time is wanting to fix an absolute indebtedness and when
the debtor is about to dispose of his property with intent to
defraud his creditors, a dissolution of such attachment causes
an abatement of the action, and plaintiff is not entitled to judg-
ment therein, even though his note matures before hearing
upon the motion to dissolve the attachment.

SAME—APPEALABLE ORDER.

An order dissolving a writ of attachment is reviewable on
appeal, when it is in effect a dismissal of the action and amounts
to a final judgment.

Appeal from Superior Court, King County.—Hon. E.
D. BENSON, Judge.   Affirmed.

*Byers & Byers,* for appellant.

*E. H. Guie,* for respondent.

The opinion of the court was delivered by

WHITE, J.—This was an action brought by appellant
against respondent on October 5, 1899, on a promissory
note due October 19, 1899.   An affidavit for a writ of at-
tachment was filed in the action, under § 290, 2 Hill's
Code, which provides that an action may be commenced
and the property of a debtor may be attached previous to
the time when the debt becomes due, when nothing but
time is wanting to fix an absolute indebtedness, and when
the affidavit, in addition to that fact, states certain grounds,

—among others, that the defendant is about to dispose of his property with intent to defraud his creditors. The affidavit for the writ was based on these grounds: A writ of attachment was issued and levied upon lots one and two, block three, of Boston Heights Supplemental Addition to Seattle, the property of respondent. ·Thereafter respondent served and filed his motion in the superior court for an order dissolving the writ of attachment for the reason that the grounds for attachment alleged in the affidavit for attachment were not true. The motion was based upon the affidavit for attachment, and the affidavits in support of and against the motion to dissolve the attachment, and the files and records in the cause. The lower court, on the 13th day of November, 1899, granted the motion to dissolve, and entered the following order:

"This cause coming on to be heard upon the motion of defendant, and the affidavits of plaintiff and defendant and the files and records herein, for an order discharging the writ of attachment issued herein and levied upon the following described property, to-wit: Lots .one (1) and two (2) in block three (3) Boston Heights Supplemental Addition to Seattle, Washington, the plaintiff appearing by his attorneys, Messrs. Byers & Byers, and the defendant appearing by his attorney, E. H. Guie, and it appearing to the court that the facts and grounds set forth in the affidavit for writ of attachment herein are not and were not at any time true, it is by the court, ordered, considered, and adjudged that said writ of attachment be and the same hereby is discharged, vacated, and dissolved."

We have examined the affidavits and record on the motion to dissolve, and we think the judgment of the court on the facts set forth in the affidavits was correct, and that the order dissolving the writ of attachment was the proper order in the premises. On the 8th day of January, 1900, the lower court entered an order to the effect

that the dissolving of the writ of attachment on the 13th day of November, 1899, operated as and was a dismissal of the action brought by appellant. This order was in effect a dismissal of the action and amounted to a final judgment. Treating it as such, an appeal will lie to this court, and on such appeal we will review, as we have, the order dissolving the writ.

The complaint stated a cause of action if it set forth the reason for its premature filing, as in the affidavit for the attachment. *Cox v. Dawson,* 2 Wash. 381 (26 Pac. 973).

The defendant moved to dissolve the attachment, under §§ 318-320, 2 Hill's Code, which are as follows:

"§ 318. The defendant may at any time after he has appeared in the action, either before or after the release of the attached property, or before any attachment shall have been actually levied, apply on motion, upon reasonable notice to the plaintiff, to the court in which the action is brought, or to the judge thereof, that the writ of attachment be discharged on the ground that the same was improperly or irregularly issued. .

§ 319. If the motion be made upon affidavits upon the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits or other evidence in addition to those on which the attachment was issued.

§ 320. If upon application it satisfactorily appears that the writ of attachment was improperly or irregularly issued, it must be discharged."

The court discharged the writ because it was improperly issued. Did that abate the action? We think it did. It affirmatively appeared from the complaint that the note was not due at the time the action was commenced, and, but for the reasons set forth in the complaint, that the defendant was about to dispose of his property to defraud his creditors, the complaint did not state a cause of action. The action was dependent upon the attachment, and must fall with it. When it was adjudged by the court

that the grounds for the writ were untrue, it follows that the action was prematurely brought. The motion to dissolve the attachment was in the nature of a plea in abatement. As was said by the court of appeals of Missouri, in *Grier v. Fox,* 4 Mo. App. 522:

"Under the law as it formerly stood, where the plea in abatement was found for defendant the whole proceeding was at an end, and plaintiff must commence a new action. Now, the plea in abatement being disposed of, the suit may proceed, but as if commenced by summons alone. If a suit were commenced by summons issued upon a petition which set out no cause of action, judgment upon demurrer must necessarily be for defendant. The question would not be whether the note or other demand sued on was due at the time of joinder in demurrer, but whether it was due at the time of the filing of the petition, which, under our practice, is the foundation of the action. The issue raised by the plea in abatement being out of the way in the case before us, and the case standing as any action commenced by summons, we see no reason why it should not be subjected to the ordinary rules governing such actions; nor why the plaintiff should be allowed any advantage because he has sworn, no matter how conscientiously, to his belief in the existence of a state of facts which is found not to have existed. When a man gives a promissory note, he has a right to suppose that, if by the chances of business and inevitable misfortune he cannot meet it at maturity, no process can issue to subject his property to forced sale to meet the obligation until judgment has been obtained, in due course, upon a suit commenced to the return term next succeeding the maturity of the paper, unless he meanwhile leaves the state, or in some other way brings himself under the provisions of the attachment law. But if the views of the law upon which the judgment in the case before us must be based are to prevail, it is a new premium offered to perjury, and the debtor's position depends upon the degree of regard that his creditor may have for an oath. An unscrupulous creditor may swear out a writ of attachment the day after

the execution of the note, and have his suit pending in court and ripe for judgment and execution on the very day of its maturity; and if any care be taken as to the character of the levy on the attachment, there is no risk whatever in the proceeding."

See, also, *Pierce v. Myers,* 28 Kan. 364; *Cox v. Reinhardt,* 41 Tex. 591; *Wadsworth v. Cheeny,* 10 Iowa, 257; *Wingo v. Purdy,* 87 Va. 472 (12 S. E. 970) ; *Gowan v. Hanson,* 55 Wis. 341 (13 N. W. 238).

The supreme court of Iowa, in *Crew v. McClung,* 4 G. Greene, 154, said:

"Where nothing but time is wanted to fix an absolute indebtedness, an attachment may be issued to secure such indebtedness, under the provisions of the Code, § 1852; but it does not follow that a judgment may be rendered against the debtor, without his consent, before the liability is matured. Unless expressly required by law, or justified by the consent of the debtor, a court should not feel authorized to render a judgment so prematurely. That section of the code was enacted as a protection against fraudulent creditors, and not to authorize abortive judgments. The lien might be created before the indebtedness matured, when a party is attempting to defraud his creditors, but a judgment could not legitimately follow until after there is a default in payment."

For the same reason, we do not think a valid judgment can be entered in an action prematurely brought, when objection is made, as in this case, by the defendant.

The judgment of the court below is affirmed.

DUNBAR, C. J., and REAVIS and FULLERTON, JJ., concur.