[No. 7724. Decided August 26, 1909.]

J. N. OTTO, *Appellant*, v. E. I. GRIFFIN *et al.*, *Respondents.*[1]

ACTIONS—ACCRUAL—TAKING NOTE FOR DEBT—FRAUD OF DEBTORS. The acceptance of promissory notes for the amount of open accounts, suspends the right of action on the accounts until the maturity of the notes, even though they were not taken in payment; and action on the accounts as past due is premature, notwithstanding a reply setting up fraudulent acts of the defendants that would have authorized attachments, under Bal. Code, § 5352, in case the complaint had alleged that the debt was not due and that nothing but time was wanting to fix an absolute indebtedness.

Appeal from a judgment of the superior court for King county, Tallman, J., entered September 23, 1908, upon granting defendant's motion for judgment on the pleadings, dismissing an action for goods sold and delivered. Affirmed.

*James M. Gephart* and *Charles R. Crouch*, for appellant.

*F. A. Gilman*, for respondents.

CROW, J.—Action by J. N. Otto against E. I. Griffin, Laura W. Griffin, his wife, and F. M. Blake, for goods sold and delivered. The plaintiff alleged that the defendants E. I.

[1]Reported in 103 Pac. 789.

Griffin and F. M. Blake were copartners conducting a hotel in Snohomish county; that plaintiff and his assignor, one William Kingdon, had sold the partnership goods and supplies for use in their business, and that they had not paid for the same. The complaint stated two causes of action, one for the goods sold by the plaintiff, and the other for the goods sold by his assignor, William Kingdon. The defendant Blake defaulted. The defendants Griffin and wife answered separately, the latter denying the allegations of the complaint. The defendant E. I. Griffin by his answer admitted the sales, but alleged that he and his partner F. M. Blake had executed and delivered to the plaintiff and to William Kingdon, their promissory notes in full payment and settlement of the amounts severally due for the goods so sold; that the notes had not yet matured, and that the action was premature. By his reply the plaintiff admitted the execution and delivery of the notes; that they were not due; denied that they had been given in full payment and settlement of the accounts; and alleged that they had been received by the plaintiff and his assignor, William Kingdon, as evidence of the indebtedness at the time existing in their favor; that they were held solely for that purpose; that plaintiff tendered them into court for cancellation; that the notes were unsecured; that after giving them the defendants E. L. Griffin and Laura W. Griffin absconded and concealed themselves, and that they did surreptitiously take with them all the assets of the copartnership, with intent to defraud the plaintiff. When the cause was called for trial, the defendant moved for judgment of dismissal on the pleadings. This motion was granted, the action was dismissed, and the plaintiff has appealed.

The sole question presented is whether the action was prematurely commenced. The complaint is on open accounts, making no mention of the notes, or any alleged fraudulent acts of the respondents. It is conceded that the original indebtedness was the sole consideration for the notes, and that

the notes were not due when this suit was brought. Appellant insists that the notes were not taken in payment, but only as evidence of the original indebtedness which still exists; that when, as alleged in the reply, the respondents E. I. Griffin and Laura W. Griffin absconded, secreted the partnership property, and attempted to defraud the appellant, he was entitled to ignore the notes and immediately sue for the original debt. In support of this contention, he has cited authorities to show that a note taken for a pre-existing debt does not necessarily constitute payment, and that the creditor may, at his election, sue for the original debt. While it is true that many authorities so hold, the further doctrine is well established that, by accepting a note the creditor extends, until the maturity of the note, the debtor's time for making payment of the original debt. Acceptance of a debtor's promissory note does not operate as payment of an antecedent debt which constitutes its consideration, unless it is so stipulated by agreement of the parties, express or implied, but the right of action on the original debt is thereby suspended until the date of the maturity of the note. *Lane & Bodley Co. v. Jones,* 79 Ala. 156; *Happy v. Mosher,* 48 N. Y. 313; *Wenzel v. Primm* (Cal.), 91 Pac. 754; *Smith v. Owens,* 21 Cal. 11. This rule is recognized by the following authorities cited by the appellant: *Fry v. Patterson,* 4 N. J. L. 612, 10 Atl. 390; *Jagger Iron Co. v. Walker,* 76 N. Y. 521.

"Although a note given by a debtor to his creditor does not operate as a payment of the precedent indebtedness, it will generally have the effect of suspending all right of action against the debtor on such precedent indebtedness until the maturity of the note." 22 Am. & Eng. Ency. Law (2d ed.), p. 566.

In *Lane & Bodley Co. v. Jones, supra,* the supreme court of Alabama said:

"Generally, the acceptance of the note of a debtor is not, *prima facie,* payment of an antecedent debt. To operate an extinguishment of the original indebtedness, the note must, by agreement of the parties, express or implied, be received

in payment. A contractor may accept, in consideration of the materials furnished, the note of the owner or proprietor of the land, as a convenient mode of liquidating the account, without waiving the lien. The original indebtedness is not thereby extinguished, *but the right of action is suspended until the maturity of the note.* After maturity, the note being unpaid, he may bring suit on the original indebtedness, and surrender the note."

In *Happy v. Mosher, supra,* the commission of appeals of New York, in discussing a note so given and in addressing itself to this question, said:

"It did not operate as payment of the debt for which it was given, . . . it extended the time of payment of the debt until the note matured. Such is always the effect of a note upon time for an antecedent debt, and here there is no proof even that the parties agreed or understood that it should not have this effect. The plaintiff could not take and hold this note, and secretly, in his own mind, intend that it. should have no effect. Until this note matured, therefore, the plaintiff could not sue Caler for the debt, and he could not institute the proceedings before the county judge to enforce its collection. . . . The proceeding before the county judge was, therefore, prematurely instituted, and the plaintiff should have been nonsuited. There was nothing in reference to this question to be submitted to the jury."

Appellant seems to base some contention on the alleged fraudulent acts of respondents E. I. Griffin and Laura W. Griffin, set forth in the reply. Such acts might have entitled him to an attachment under Bal. Code, § 5352 (P. C. § 512), prior to the maturity of the debt, provided he had filed a proper complaint to support the same, in which he should have alleged that the debt was not due, that nothing but time was wanting to fix an absolute indebtedness, and that one or more of the four grounds for attachment mentioned in § 5352 existed. The appellant did sue out an attachment, but the record shows that it was obtained on an indebtedness past due, under the provisions of Bal. Code, § 5351 (P. C. § 511), and not under § 5352, *supra,* for a debt not due. This action

is not predicated on the respondents' fraudulent acts. It is based upon open accounts which the complaint alleged to be due at the time of the commencement of the action, but which are shown, by other admitted allegations of the pleadings, not to have been due by reason of the extension of time of payment, which the appellant and his assignor granted by accepting the notes. The action was prematurely commenced and was properly dismissed. The dismissal, however, is necessarily without prejudice to the right of the appellant to commence another action, either upon the note or the accounts after their maturity.

The judgment is affirmed.

RUDKIN, C. J., DUNBAR, MOUNT, FULLERTON, and CHADWICK, JJ., concur.