[No. 10935.   Department One.   February 24, 1913.]

MABELLE KEELER, *Appellant*, v. R. B. PARKS *et al.*, *Respondents.*[1]

ACTIONS— PREMATURE ACTIONS — COMMUNITY PROPERTY — DIVORCE. An action by a wife to recover an interest in community real estate not disposed of by a decree of divorce, rendered in California at the suit of the husband, is premature, where the decree was "interlocutory," reciting that the husband has established grounds for the dissolution of the marriage bonds, and that upon the expiration of one year, final judgment granting a decree of divorce be entered, which time had not elapsed when the wife's action was commenced.

PLEADING—SUPPLEMENTAL COMPLAINT—OFFICE. In an action to quiet the title of a divorced wife in community property not disposed of by the decree, which was prematurely commenced before the final decree of divorce was entered, it is not allowable by supplemental complaint to plead the subsequent entry of the decree of di-

[1] Reported in 130 Pac. 111.

vorce; since a premature action cannot be sustained by a supplemental complaint showing a later cause of action under a new class of facts which is the antithesis of the first cause pleaded.

PLEADING—SUPPLEMENTAL COMPLAINT—DEPARTURE. An action commenced by one as a divorced woman, to recover a joint interest in community property not disposed of by a decree of divorce, cannot be sustained by the substitution, in a supplemental complaint, of a cause of action by the wife for the protection of her rights in the community property of herself and husband, a final decree of divorce not having been entered; since it would be the substitute of a different cause of action.

Appeal from a judgment of the superior court for King county, Albertson, J., entered November 23, 1912, on the pleadings, dismissing an action to quiet title. Affirmed.

*Hamlin & Meier*, for appellant.

*William Hickman Moore* and *Morris & Shipley*, for respondents.

Gose, J—The appellant, who was the plaintiff below, brought this action in her maiden name, to set aside a deed conveying certain real property to the defendant corporation. A judgment dismissing the action without prejudice was entered upon the pleadings, on the ground that the action had been prematurely commenced, and that, at the time of its commencement, no cause of action existed in her favor.

The action was commenced in November, 1911. It is alleged in the original complaint that the appellant and the respondent R. B. Parks were husband and wife, at all times mentioned in the complaint until the 22d day of April, 1911; that in 1906 the respondent, her then husband acting for the community, entered into a contract for the purchase of the land in controversy; that the payments were made from community funds conformably to the requirements of the contract, so that the community became entitled to a conveyance of the property on the 12th day of February, 1911; that the respondent husband, intending to cheat and defraud the ap-

pellant out of her community interest in the property, without her knowledge, caused it to be conveyed by the holder of the legal title to the respondent corporation, he then being its treasurer; that thereafter, and on or about the 21st day of April, 1911, in an action in the superior court of the state of California, in the county of San Francisco, the appellant "was duly granted a decree of divorce from the said defendant R. B. Parks," which decree restored her maiden name by which she sues, and that no disposition was made of the community property. The prayer is that the property be adjudged the "joint property" of the appellant and her former husband, and that the respondent corporation be directed to convey to her "an undivided one-half interest" in the property, and that her title thereto be quieted.

In June, 1912, the appellant filed a supplemental complaint, wherein she alleged that, in the divorce action in the state of California wherein her husband was the plaintiff and she was the defendant, it was adjudged, on or about the 27th day of April, 1911, that the husband had established grounds for the dissolution of the marriage bonds, and that "an interlocutory decree" was entered directing a final judgment of divorce, and that thereafter, and on or about the 3d day of May, 1912, a final judgment was duly entered in accordance with the provisions of the interlocutory decree. She prayed relief as in the original complaint.

The respondents, in separate answers, after denying certain averments of the complaint, set forth portions of both the interlocutory and final decrees in the divorce action *in haec verba*. The former recites that the respondent husband, the plaintiff therein, "is entitled to an interlocutory decree" adjudging that he has established grounds for the dissolution of the marriage bonds, subject to the provisions of the statute, "and that upon the expiration of one year from the entry of this decree, final judgment granting said decree and restoring said parties to the status of single persons be en-

tered herein." The final decree, which was entered on the
2d day of May, 1912, recites:

"Wherefore, it is hereby ordered, adjudged and decreed
and this court does hereby order, adjudge and decree that
the marriage between said plaintiff and said defendant be and
the same is hereby dissolved and the said parties are and each
of them is freed and absolutely released from the bonds of
matrimony and all obligations thereof and restored to the
status of single persons; and it is further ordered that said
defendant is permitted to resume her maiden name to wit,
Mabelle A. Keeler."

The affirmative answers set forth the provisions of the
statutes of the state of California, defining the effect of an
interlocutory decree in divorce actions and directing the time
when the final decree may be entered. It is then alleged that
the statutes pleaded have been construed by the court of last
resort in the state of California to mean that the marriage
relation is not dissolved by the entry of the interlocutory de-
cree, but that it is only dissolved when the final decree has
been entered; that at the time this action was commenced, in
November, 1911, the marriage relation had not been dissolved;
that no cause of action had accrued in favor of the appellant,
and that her action "was prematurely commenced." The ap-
pellant replied, admitting that at the time of the commence-
ment of the action the bonds of matrimony existing between
herself and her husband had not been dissolved.

The motion for a judgment dismissing the action upon the
pleadings was properly sustained. The pleadings show that
the action was premature. A state of facts that had not
ripened into a cause of action when the suit was commenced
cannot be supplemented by a class of facts that came into
being later so as to make a cause of action. In other words,
it is not allowable in a supplemental complaint to set up a
class of facts which are at complete variance with and antag-
onistic to the facts which existed when the action was com-
menced. The original complaint is based upon a state of
facts which did not then exist. The office of a supplemental

pleading is to show facts "which occurred after the former pleadings were filed." Rem. & Bal. Code, § 308.

"To entitle the plaintiff to file a supplemental bill, and thereby to obtain the benefit of the former proceedings, it must be in respect to the same title, in the same person, as stated in the original bill. Thus, if a person should file an original bill, as heir-at-law of the mortgagor, to redeem; and it should turn out, upon an issue and hearing of the cause, that he is not the heir-at-law, and he afterwards purchases the title of the true heir-at-law, he cannot file a supplemental bill to have the benefit of the former proceedings; for he claims by a different title from that asserted in the original bill. His true course would be to file an original bill." Story, Equity Pleadings (10th ed.), § 339.

In *Gunby v. Ingram*, 57 Wash. 97, 106 Pac. 495, 36 L. R. A. (N. S.) 232, an action was commenced to foreclose a mortgage for an alleged default in the payment of interest, which by the terms of the note matured the whole debt. Thereafter a supplemental complaint was filed, in which it was alleged that the principal debt had matured and was unpaid. After holding that there had been a valid tender of the interest, the court said:

"Of course, if the first action was premature, which we are constrained to hold, it is manifest that it could not be the basis for the supplemental complaint which was filed in the case."

See, to the same effect: *Otto v. Griffin*, 54 Wash. 506, 103 Pac. 789; *Commercial Bank of Tacoma v. Hart*, 10 Wash. 303, 38 Pac. 1114; *Augir v. Foresman*, 23 Wash. 595, 63 Pac. 201; *Davis v. Erickson*, 3 Wash. 654, 29 Pac. 86; *Lawrence v. Pederson*, 34 Wash. 1, 74 Pac. 1011; *Andrews v. Andrews*, 3 Wash. Ter. 286, 14 Pac. 68; *Maynard v. Green*, 30 Fed. 643.

In *Augir v. Foresman* a writ of attachment was sued out upon a note which had not then matured, conformably to the provisions of the statute permitting the issuance of the writ

when the requisite facts exist and nothing but time is wanting to fix an absolute indebtedness. Thereafter the writ was dissolved, and it was held that the action abated, although the note had matured before the order was made. In *Lawrence v. Pederson* the court, in speaking of the office of a supplemental pleading, said:

"The office of a supplemental complaint is merely to enlarge or change the kind of relief to which a party may be entitled upon a cause of action existing at the time of the commencement of the suit."

In *Andrews v. Andrews*, the wife sought to vacate a judgment entered against her husband by confession, on the ground that the indebtedness upon which the judgment was confessed was fictitious, and to set aside a sale of real estate upon an execution issued upon the judgment, alleging that the real estate was community property. After the cause was at issue, she asked leave to file a supplemental complaint showing her divorce from her husband, a judgment against him and her purchase of his interest in the community real estate at an execution sale under her judgment, alleging that her judgment became a lien prior to the time the judgment lien of the other defendant attached. This was refused, and her action was dismissed. In affirming the judgment, it was held that the proposed supplemental complaint "would have effected a revolution in the issues to be determined, and would have amounted to a substitution of a new cause of action."

The appellant argues, that the contract for the purchase of the land vested the equitable title in the community; that under the statute, a married woman may maintain an action against her husband or any other person for the protection of her property rights, both separate and community, where the requisite facts exist; and that, upon the entry of a decree of divorce when no disposition is made of the community property, the former members of the community hold title to the community property as tenants in common. The vice of the argument lies in the fact that the appellant did not commence

her action as a married woman; nor did she seek to have the property restored to the community. She alleged that she was a divorced woman, and prayed that a decree be entered directing a conveyance of an undivided one-half interest in the property to her. In her supplemental · complaint she pleads that the final judgment was entered after the commencement of her action, and in her reply admits that she was not divorced when her action was commenced. It is one of the fundamentals of the law that one cannot plead one cause of action and recover upon another which is the antithesis of the cause first pleaded. If she had a cause of action in the beginning, which we need not decide, she failed to plead it, but seeks to recover upon a different one which later came into being. Other issues tendered were not passed upon by the trial court, and will not be considered on this appeal.

The judgment is affirmed.

CROW, C. J., PARKER, CHADWICK, and MOUNT, JJ., concur.