[No. 20016.  Department One.  January 6, 1927.]

A. J. CHAMPAGNE, *Appellant*, v. JOHN H. McDONALD *et al.*, *Respondents.*[1]

[1] CONTRACTS (104)—MODIFICATION — CONSIDERATION FOR MODIFICATION.  There is no consideration for an agreement extending the time of payment of the amount due upon a bill of sale and making a ten per cent reduction thereof in case the same was paid at such time.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered December 5, 1925, upon findings in favor of the defendants, in an action upon contract, tried to the court.  Affirmed.

*F. W. Girand,* for appellant.

MAIN, J.—The plaintiff, as assignee, brought this action seeking a money judgment in the sum of five hundred fifty dollars.  The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and a judgment denying a recovery, from which the plaintiff appeals.

The facts may be summarized as follows:  On January 31, 1923, the respondent John H. McDonald sold to L. M. and G. E. Terhune, husband and wife, the furniture and furnishings then in the Arcade Theatre in Walla Walla, this state, and assigned to them a lease covering the property.  The bill of sale and the assignment of the lease were placed in escrow with the First National Bank of Walla Walla, to be delivered upon the payment of the purchase price.  The Terhunes immediately went into possession.  On the first day of February, 1924, there was due and unpaid on the contract the sum of five thousand five hundred dollars principal and some interest.  On this day, McDonald

[1]Reported in 251 Pac. 874.

and the Terhunes entered into an agreement by which the time for the payment of the five thousand five hundred dollars and interest was extended to March 1, 1924, and in the agreement McDonald agreed to make a ten per cent reduction on the principal, if the same was paid on or before that date. On February 9, 1924, McDonald rescinded this agreement for reasons which need not be here stated. On March 1, the Terhunes paid the five thousand five hundred dollars. Thereafter they assigned their claimed right to recover the ten per cent reduction to the appellant and he instituted this action.

The only question is whether there was any consideration for the agreement to make a ten per cent reduction. The appellant claims that there was another agreement relative to the manner in which the final payment should be made and that the rescission of that operated as a consideration for the ten per cent reduction agreement. The evidence, however, fails to show that the agreement relied on was ever consummated. From the evidence, we are unable to find any consideration for the ten per cent reduction agreement. The five thousand five hundred dollars was due and payable at the time it was made. By making this agreement, no benefit moved to McDonald. No detriment operated against the Terhunes as they were only doing what they were already under obligations to do. The case of *Rockford Shoe Company v. Jacobs,* 6 Wash. 421, 33 Pac. 1057, relied upon by the appellant, is not controlling. It was there held that the plaintiff, having admitted the extension of time of payment in its pleading, was estopped to deny such extension was void for want of consideration for the reason that it would be presumed that such extension was upon a sufficient consideration. That was an action where judgment was

entered upon the pleadings. In the present case, McDonald in his answer and cross-complaint admitted the making of the ten per cent reduction agreement and pleaded want of consideration. The cases differ in that in one there was no plea of want of consideration and in the other there was. In addition to this, the present case was tried upon the merits and the evidence fails to show a consideration.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and FULLERTON, JJ., concur.