[No. 24671.   Department One.   November 23, 1933.]

BERTHA WHITE, *Appellant,* v. CARROLL MILLION, *as Executor, Respondent.*[1]

[1]Reported in 27 P. (2d) 320.

*A. W. Buddress,* for appellant.

*J. L. Corrigan,* for respondent.

STEINERT, J.—This action was originally brought to foreclose a pledge of certain corporate stock given as collateral to two promissory notes. Subsequently, an amended complaint was filed wherein plaintiff sought recovery upon the notes, foreclosure of the collateral, and a judgment for any deficiency remaining. At the trial, the court sustained a demurrer *ore tenus* to the amended complaint, but granted the relief prayed for in the original complaint. From the judgment entered, plaintiff has appealed.

In order to make clear the issues before us, it will be necessary to detail the facts of the case and also the procedural steps in their chronological order.

On March 1, 1929, E. C. Million executed and delivered to appellant his two promissory notes for five thousand dollars and eight thousand dollars, respectively, payable three years after date. To secure the payment of these notes, Million pledged and delivered to appellant twenty shares of corporate stock. On April 8, 1932, after the maturity of the notes, Million died testate, and on April 14, 1932, respondent was appointed executor of the will and duly qualified as such.

On May 21, 1932, appellant commenced this action against the respondent by service of summons and complaint, seeking to foreclose her lien upon the stock. Summons and complaint, together with proof of service, were filed on June 6, 1932. It was not alleged in the complaint that any claim based upon the notes had

been presented to the executor, nor was any deficiency judgment asked for in the complaint. On the last mentioned date, June 6, 1932, respondent served upon appellant's attorney an answer which admitted in part and denied in part the allegations of the complaint; it also pleaded a set-off in the sum of three thousand dollars for services alleged to have been rendered to the appellant by the deceased in his lifetime. The answer was filed June 9, 1932.

On or about July 11, 1932, appellant, having concluded that there would be a deficiency upon the notes after sale of the collateral, properly served and filed her claim for any such deficiency that might remain. The claim was rejected by the respondent on July 15, 1932.

In the meantime, appellant had moved for a bill of particulars concerning the set-off in respondent's answer. The motion was denied by the court commissioner, but his order was reversed on appeal to the superior court. A bill of particulars was then supplied by respondent, but was unsatisfactory to appellant, and she promptly moved for a further bill. That motion was also denied by the court commissioner, and a second appeal was taken. On July 15, 1932, pursuant to appellant's several previous demands for a bill of particulars, the court entered an interlocutory order permitting respondent's attorney to take the deposition of appellant for the discovery of facts necessary to enable the respondent to furnish a further bill.

On July 20, 1932, after notice to respondent and by leave of court, appellant served and filed her amended complaint, which was virtually a repetition of her original complaint with the addition of two paragraphs alleging the presentation and rejection of her claim. There was no issuance or service of process based upon the amended complaint, but merely a service and

filing of the pleading itself. On August 4, 1932, a "further and additional bill of particulars," sworn to personally by respondent, was served upon appellant's attorney and was filed the next day. It will be noted that this bill of particulars was served and filed *after* the amended complaint had been filed. This fact has an important bearing upon the question involved in this case. No amended answer, nor any answer specifically directed to the amended complaint, was ever served or filed by respondent. His original answer was permitted to stand. On August 8, 1932, appellant served and filed her reply.

The case was then noted for trial, and nothing further was done thereafter by either party until the day of trial, May 9, 1933. At the trial, both parties appeared in person and by counsel. Appellant's attorney made an opening statement of the case, at the conclusion of which respondent's attorney raised certain objections, which were considered by the court as a demurrer *ore tenus*. The grounds of the objections were (1) that no summons based upon the amended complaint had ever been issued or served on the respondent, and (2) that the amended complaint was a cause of action wholly distinct from that set out in the original complaint, and did not exist at the time that the original complaint was filed.

The court sustained the objections, and refused to proceed with the case as presented by the amended complaint. After some further argument between court and counsel, respondent withdrew the affirmative matter contained in his answer, and the court then granted appellant the relief prayed for in the original complaint, that is, foreclosure of the pledged collateral. In the formal judgment, entered July 20, 1933, the court (1) adjudged that there was

" . . . justly due and owing to plaintiff from said defendant the total sum of fourteen thousand four hundred and sixty-five ($14,465) dollars, and the additional sum of five hundred ($500) dollars for plaintiff's attorney's fees, on the two promissory notes from said E. C. Million, deceased;"

(2) ordered the foreclosure of respondent's lien upon the stock; and (3) dismissed the amended complaint. This appeal followed.

Since the court's rulings and disposition of the case were based upon the objections raised by respondent, we will pursue our discussion along the line of those objections.

We take up, first, respondent's second objection above mentioned, namely, that the amended complaint pleaded a new and distinct cause of action which did not exist at the time that the original complaint was served and filed. For the purpose of the present argument, we will assume, without deciding, that this contention is correct.

From this premise, respondent argues that any attempt to recover upon any deficiency, in this action, is premature, and that, therefore, the amended complaint must be dismissed. A number of authorities are cited to the effect that, when an action is prematurely commenced, it is not allowable to set up by amended or supplemental complaint a cause of action that came into existence after suit has been commenced. *Rockford Shoe Co. v. Jacob,* 6 Wash. 421, 33 Pac. 1057; *Commercial Bank v. Hart,* 10 Wash. 303, 38 Pac. 1114; *DeMattos v. Jordan,* 20 Wash. 315, 55 Pac. 118; *Lawrence v. Pederson,* 34 Wash. 1, 74 Pac. 1011; *Gunby v. Ingram,* 57 Wash. 97, 106 Pac. 495, 36 L. R. A. (N. S.) 232; *Keeler v. Parks,* 72 Wash. 255, 130 Pac. 111; *Staunton v. Swanson,* 10 N. Y. Civ. Proc. 12; *American Bonding & Trust Co. v. Gibson County.*

145 Fed. 871; *City of Trinidad v. Hokasona,* 178 Fed. 438; 1 C. J. Title Actions, pp. 976, 1149 and 1151; 49 C. J. 571. To these citations may be added the following: *Augir v. Foresman,* 23 Wash. 595, 63 Pac. 201; *Otto v. Griffin,* 54 Wash. 506, 103 Pac. 789; *Llewellyn Iron Works v. Littlefield,* 74 Wash. 86, 132 Pac. 867, Ann Cas. 1915A, 959; *Daniel v. Daniel,* 106 Wash. 659, 181 Pac. 215.

Assuming that the foregoing authorities are otherwise applicable to the present situation, we note that all of those cases arising in this state antedate the adoption of the rules of pleading, procedure and practice promulgated by this court on January 14, 1927, pursuant to chapter 118, Laws of 1925, Ex. Ses., p. 187, Rem. Rev. Stat., § 13-1 *et seq.,* and set forth in 140 Wash. xxv-xliv.

Rule III (3) of those rules provides:

"Subject to the rules as to joinder of parties and of causes of action, an amendment to the complaint may introduce any new or different cause of action, or add new or different parties." Rem. Rev. Stat., § 308-3, subd. 3.

In *McGuirk v. Gazzam,* 150 Wash. 554, 274 Pac. 176, the point here involved was raised and was supported by a number of the authorities above quoted. In the opinion, the court referred to and affirmed rule III (3), *supra,* and held that an amendment to a complaint might introduce a new cause of action that had not accrued at the time that the action was originally commenced. The texts and authorities cited to sustain a contrary result were held to be inapplicable. There was a concurring opinion in that case, based solely on the ground that the defense that the action was prematurely brought should have been raised by a plea in abatement. So, in this case, the authorities above cited do not apply, in the face of the rule and its con-

trolling effect; nor was there, in this case, any plea in abatement.

■ Respondent suggests in his brief that chapter 118, Laws of 1925, Ex. Ses., p. 187, under which the rules of practice were formulated and promulgated, is of doubtful constitutionality, for two reasons: (1) because the constitution does not in express terms confer upon the supreme court the power of making such rules, and (2) because the act undertakes to delegate to the judiciary a power that is legislative in character. No authorities are cited in support of either ground of the contention.

It is hardly necessary for us to discuss the question suggested by counsel. The constitutionality of the statute and the right of this court to establish rules of practice have been upheld in a number of our recent decisions. *State ex rel. Foster-Wyman Lbr. Co. v. Superior Court,* 148 Wash. 1, 267 Pac. 770; *State v. Pavelich,* 153 Wash. 379, 279 Pac. 1102; *State v. Williams,* 156 Wash. 6, 286 Pac. 65; *Larson v. Union Investment & Loan Co.,* 168 Wash. 5, 10 P. (2d) 557. Under these authorities, we hold that the rule here in question has the sanction of the constitution. We further hold that the rule is applicable and controlling here.

■ We now come to the other objection interposed by the respondent to the amended complaint, namely, that no summons was ever issued or served thereon. We will assume, as already stated, that the amended complaint presented a new and distinct cause of action which did not exist at the time that the original complaint was served or filed. We will further assume, without so deciding, that the nature of the amended complaint was such as to require new process or its equivalent.

The voluntary appearance of a defendant is equiva-

lent to personal service of summons upon him, and gives the court jurisdiction. Rem. Rev. Stat., § 238. Hence, the whole question now presented to us is reduced to this: Was there a voluntary appearance of the defendant in response to the amended complaint? We think that there was.

At this point, we parenthetically refer to Rule of Practice III, subd. 7 (159 Wash. lix), which reads as follows:

"When a party has served an amended pleading, the adverse party shall have such time thereafter for pleading to the amended pleading as is allowed by rule or order of the court; *and, if the adverse party, having pleaded before the amendment, fails to plead again, his original pleading shall stand as answer or reply, as the case may be, to the amended pleading.*" (Italics ours.) Rem. Rev. Stat., § 308-3, subd. 7.

We think that this rule is applicable here, under the peculiar nature of the pleadings and the circumstances under which the issues were joined. The amended complaint was a reiteration and repetition of the original complaint, with two paragraphs added alleging presentation and rejection of the claim. By leave of court, and after notice, the amended complaint was served and filed. Under rule III (7), *supra,* respondent had the option of pleading further to the amended complaint, or else of having his original answer stand as an answer to the amended pleading. Manifestly, appellant could not have defaulted respondent for his failure to further plead, and, correlatively, appellant had the right to assume, from what transpired thereafter, that respondent had elected to have his answer stand as an answer to the amended pleading. In fact, respondent no doubt could have obtained an order of court permitting him to file an amended answer even at the time of trial, provided no prejudice to the adverse party would thereby result.

The very purpose of the rule relative to amendments, as declared in rule III (2), is that the real matter in dispute, and all matters in the action in dispute, between the parties, may be properly determined, so far as possible, in a single proceeding. By the very judgment in this case, it is declared that respondent is justly indebted to appellant in the sum of approximately fifteen thousand dollars. Only by a rigid technicality are the rights of appellant under the judgment frustrated.

"A lawsuit is not a mere game in which the prize must always go to the more adroit and skillful. It is a means to an end, and that end is, or should be, justice." *Brice v. Starr*, 93 Wash. 501 (504), 161 Pac. 347.

But we are not here required to rest our conclusion solely upon equitable considerations. We think that there was, in fact, a voluntary appearance to the amended complaint. Reverting to the facts, as already set forth, it will be noted that respondent, on August 5, 1932, *after* the service and filing of the amended complaint, filed his "further and additional bill of particulars." At that time, the original complaint had either become merged into, or else supplanted by, the amended complaint. The original complaint was, therefore, *functus officio*. The case then stood upon the amended complaint.

Rem. Rev. Stat., § 241, provides that a defendant appears when he answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance. The statute, however, is not a rigid one, and the methods of appearance prescribed by it are not exclusive. In *State ex rel. Trickel v. Superior Court*, 52 Wash. 13, 100 Pac. 155, it was held that the service of interrogatories by a defendant constituted an appearance. In the opinion,

198

quotation was made from 3 Cyc. p. 504, paragraph 5, on the subject of what constitutes appearance:

"Any action on the part of a defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance."

Quotation was further made from *Baizer v. Lasch*, 28 Wis. 268, as follows:

"The demand for a bill of particulars in the action before the justice was a proceeding to the merits, and a full appearance by Lasch, the defendant."

If the service of interrogatories or demand for bill of particulars constitutes a general appearance, certainly the filing of a bill of particulars has the same effect. Respondent may have filed his bill of particulars with a mental reservation as to its effect, but his act must be considered in the light of the status of the case as it then existed. We are convinced that the service and filing of the bill of particulars by respondent after the service and filing of the amended complaint was a recognition by him that the case was in court upon that pleading, and constituted a general appearance thereto.

Since there was a general appearance by respondent, the appellant was entitled to have her cause of action, then existing, tried upon its merits, and the court was, therefore, in error in refusing to proceed thereon.

The judgment is reversed, with direction to the court to proceed in compliance with the views herein expressed.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.