[No. 33298.  *En Banc.*  March 8, 1956.]

Tom V. Warnock, *Appellant,* v. Seattle Times Company, *Respondent.*[1]

*John M. Warnock,* for appellant.

*Wright, Innis, Simon & Todd,* for respondent.

[1]Reported in 294 P. (2d) 646.

WEAVER, J.—Plaintiff appeals from an order of dismissal for want of prosecution based upon Rule 3, Rules of Pleading, Practice and Procedure (34A Wn. (2d) 69), which provides that

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

The controlling facts are these:

October 6, 1953, plaintiff served and filed his complaint. October 23, 1953, defendant's counsel *served* a demand for security for costs, pursuant to RCW 4.84.210. October 27, 1953, plaintiff filed his nonresident cost bond and a motion for default which alleged that the cost bond had been filed. The same day, the motion for default was served upon defendant's counsel, along with a notice of issue noting argument on the motion for October 30, 1953.

October 28, 1953, defendant's counsel *filed* its demand for security for costs and an affidavit in opposition to plaintiff's motion for default; and on October 29th, filed a demurrer and a motion to strike certain portions of plaintiff's complaint.

The issues raised were presented to the trial court on November 2, 1953. Thereafter, upon notice, the court entered its order on November 9, 1953, directing that

". . . the Motion for Default be denied and that the defendant be given 10 days in which to plead further."

The order, as typewritten, provided "that the defendant be given 10 days in which to *answer the complaint of plaintiff.*" The italicized words were stricken and the words "plead further" interlined. The order does not refer to the demurrer or motion to strike.

We find no merit in plaintiff's assignment that the court erred when it denied his motion for default. The statutory methods of appearances (RCW 4.28.210) are not

452

exclusive. *White v. Million,* 175 Wash. 189, 197, 27 P. (2d) 320 (1933), and cases cited. Paraphrasing the language of the *White* case, *supra,* we are convinced that the service of the demand for security for costs was a recognition by defendant that the case was in court and constituted a general appearance thereto.

■■ The demand for security for costs stays all proceedings until the bond is filed. RCW 4.84.210. Defendant *filed* its demand for security for costs one day after plaintiff furnished the bond and filed its demurrer and motion to strike two days after security for costs was furnished. Under these circumstances, it was not error to deny plaintiff's motion for default. See *Paine-Gallucci, Inc. v. Anderson,* 35 Wn. (2d) 312, 212 P. (2d) 805 (1949).

November 18, 1953, defendant filed a *second* demurrer and a *second* motion to strike, identical with the first demurrer and motion filed.

The cause remained dormant for almost a year. November 3, 1954, plaintiff filed his second motion for default. This motion was noted for argument on November 10, 1954. Defendant's counsel countered with a "motion and affidavit for order denying plaintiff's motion for default, and specifically ordering that defendant is not now and never has been in default." This motion was filed November 6, and noted for argument November 15, 1954.

November 10, 1954, the trial court denied plaintiff's *second* motion for default. Formal order was entered November 15. This also disposed of defendant's counter motion filed November 6, 1954.

■ Plaintiff's assignment that the court erred when it denied his *second* motion for default is not well taken. From the record, it is apparent that defendant has pending a demurrer and motion to strike.

Upon denial of his motion for default on November 10, 1954, plaintiff's counsel immediately served a notice of issue, setting for argument on November 15, 1954, defendant's demurrer and motion to strike. The notice of issue does not specify whether it is directed to defendant's *first* or *second* demurrer and motion.

Defendant's counsel again countered, this time with two motions: the first, to dismiss for failure of plaintiff to furnish valid security for costs; the second, a motion to dismiss for want of prosecution. Plaintiff voluntarily remedied the alleged bond defect. The latter motion is supported by an affidavit alleging that more than a year has passed since issues of law were raised by service, on October 29, 1953, of its demurrer and motion to strike. Both motions were filed November 12 and noted for argument November 15, 1954.

After various hearings, continuances, motions for reconsideration, and arguments, the trial court, on February 11, 1955, entered an order dismissing plaintiff's action, without prejudice, for want of prosecution, stating therein that issues were joined October 29, 1953, by the filing of a demurrer and motion to strike; that "plaintiff neglected to note the action for hearing on said issues of law for more than one year"; and that Rule 3, Rules of Pleading, Practice and Procedure, required dismissal.

Thus, two dates must be kept in mind: October 29, 1953—the day defendant filed its *first* demurrer and motion to strike—and November 18, 1953—the day defendant filed its *second* demurrer and motion to strike.

This somewhat complicated procedural maze sifts down to the simple question of whether the time under Rule 3 commences to run from October 29, 1953, when the defendant filed its *first* demurrer and motion to strike, or from November 18, 1953, when defendant filed its *second* demurrer and motion to strike, pursuant to the order of November 9, 1953, wherein the defendant was "given 10 days in which to plead further." November 10, 1954, plaintiff noted for argument defendant's demurrer and motion to strike. Hence, if the year is measured from October 29, 1953, time under Rule 3 has expired and judgment of dismissal should be affirmed; if the year is measured from November 18, 1953, time has not expired and judgment should be reversed.

In *Hayes v. Quigg,* 46 Wn. (2d) 453, 282 P. (2d) 301 (1955), we quoted with approval from *State ex rel. Wash-*

*ington Water Power Co. v. Superior Court,* 41 Wn. (2d) 484, 250 P. (2d) 536 (1952), as follows:

"Thus it is apparent, that each case moves in and out of the operation of the time limit fixed by Rule 3 as issues of law or issues of fact are raised and decided. Once the time has begun to run, it is terminated and ended when such issues are dissipated. It commences anew when another such issue is raised."

The *first* demurrer and motion to strike, filed October 29, 1953, presented issues of law, and Rule 3 attached to the cause. Were those issues dissipated, so that the time under Rule 3 again commenced on November 18, 1953, when the *second* demurrer and motion (identical in wording with the first) were filed?

We cannot find where the issues first raised have been dissipated. No attempt was made by plaintiff to note the issues raised by the *first* demurrer and motion until November 10, 1954. They were not noted for argument on November 2, 1953, when the court disposed of plaintiff's *first* motion for default, and the order entered November 9, 1953, does not purport to rule upon them.

It appears from the affidavit of defendant's counsel, filed in support of the motion to deny plaintiff's second motion for default, that he

". . . advised plaintiff's counsel that the originals thereof [defendant's demurrer and motion] were being *refiled* in this action." (Italics ours.)

They were refiled on November 18, 1953.

Thus, it appears that defendant advised counsel for plaintiff that it was standing upon the issues of law raised by the *first* demurrer and motion filed October 29, 1953.

There might have been some merit to plaintiff's contention that he was misled by this refiling if the *second* demurrer and motion had been made upon grounds different than those set forth in the *first,* or if the instant record supported the contention that he was actually misled; but we do not so construe the record.

On November 3, 1954, plaintiff filed his *second* motion for default, counsel alleging in the affidavit in support thereof

" . . . that the said days [ten days for defendant to plead further fixed by the order of November 9, 1953] have passed and the defendant *has failed to plead further* but has served upon affiant a motion to strike and a *purported* demurrer, and are therefore in default; *that said demurrer and motion to strike were already in the file at the time the order to plead further was made.*" (Italics ours.)

Thus, it appears that plaintiff recognized the pendency of the issues raised by the *first* demurrer and motion filed October 29, 1953, and maintained, in support of his motion for default, that the *second* filing of them was a nullity. Plaintiff was not mislead by the refiling.

Not having noted the issues raised on October 29, 1953, until November 10, 1954, Rule 3 is applicable, and the judgment of dismissal is affirmed.

It is so ordered.

MALLERY, SCHWELLENBACH, HILL, DONWORTH, FINLEY, and OTT, JJ., concur.

HAMLEY, C. J. (dissenting)—A cause may not be dismissed under the provisions of Rule 3, if the failure to note the issue of fact or law was caused by the movant. *State ex rel. Washington Water Power Co. v. Superior Court*, 41 Wn. (2d) 484, 250 P. (2d) 536. In my view, appellant's failure to note the demurrer and motion of October 29, 1953, was caused by respondent, and such failure therefore provides no ground for dismissal of this case.

On November 2, 1953, hearing was had on appellant's motion for default. The minute entry made that day by the clerk of the judge who conducted this hearing reads as follows: "Motion for Default—Denied. Motion to Strike—Not Argued. Demurrer—Overruled."

On November 9, 1953, a form of order denying this motion of default was presented to the court. As originally prepared, this form of order contained the following provision: " . . . and that the defendant be given 10 days in which to answer the complaint of plaintiff." The court, however, struck the words "answer the complaint of plaintiff," and inserted in lieu thereof, "plead further."

. This order placed upon respondent the duty of making the next move. He was ordered to "plead further." The court would not have required respondent to plead further if it had regarded the original demurrer and motion to strike as still pending.

We do not know why the court disregarded the original demurrer and motion. It may have thought that these pleadings had been disposed of at the hearing on November 2, 1953 (see the minute entry quoted above). Another possible explanation for the order requiring appellant to "plead further" is that the original demurrer and motion may have been considered premature. Appellant's motion for default was pending and had been noted for hearing before respondent served and filed its demurrer and motion to strike.

But, whatever the reason, and whether or not meritorious, it is plain to me that the command, "plead further," implies that there was no pending pleading; that issue had not, to use the term found in Rule 3, been "joined"; and that issue would not be "joined" until such further pleading had been filed.

That respondent so construed the order is indicated by the fact that it promptly, on November 18, 1953, refiled its demurrer and motion. Respondent's construction of the November 9, 1953, order is also indicated in the affidavit of its counsel, dated November 6, 1954, in which it is recited:

". . . Judge Hodson signed and entered his formal order herein, specifically giving defendant ten days to plead further, *and ruling, orally, that such pleading should include all proper motions by defendant against plaintiff's complaint.*

"Within ten days of the entry of said order, and on November 16, 1953, defendant served on plaintiff's counsel, by mailing, copies of defendant's theretofore filed Demurrer and Motion to Strike in the above case, and advised plaintiff's counsel that the originals thereof were being refiled in this action. The Demurrer and Motion to Strike were refiled in this Court November 18, 1953, within ten days of the court's order above mentioned . . ." (Italics mine.)

The real reason the motion to dismiss for want of prosecution was granted is that the trial judge thought the order

of November 9, 1953 (issued by another judge), requiring respondent to plead further, had been erroneously entered and should be disregarded. This is revealed by the comments made by the trial judge during the argument on the motion for reconsideration.

When attention was called to the order of November 9, 1953, requiring respondent to plead further, the court said: "Why did the Court order it? Why would the Court do that? What was the Court doing—." Later in the argument, referring to the same order, the trial judge said: "I don't think he had jurisdiction to do that." Then, indicating that he would, in effect, set aside the order of November 9, 1953, the judge, in his memorandum opinion of January 24, 1955, stated: ". . . The refiling of the motion and demurrer was unnecessary because they were then in the file and could and should have been noted for hearing."

In my view, no party, in calculating the time limit prescribed by Rule 3, should be required to assume the risk that an order requiring the opposing party to plead further will be set aside as erroneous by another judge, *after* the one-year period has expired, especially where, as here, the opposing party has not contested the earlier order but has complied therewith. The injustice of such a result is compounded where, as here, the statute of limitations has run on appellant's cause of action.

It is true that appellant regarded the second demurrer and motion as a nullity. This is established by the fact that he thereafter moved for default. But this was in no sense a recognition by appellant that the first demurrer and motion to strike were still pending. Appellant's second motion for default was grounded on the proposition that the second demurrer and the motion to strike were not the kind of pleadings referred to in the order of November 9, 1953.

Having itself construed the order of November 9, 1953, as requiring refiling of the demurrer and motion, and having complied with the order as so construed, respondent

performed a positive act which, in my opinion, started running again the time limit fixed by Rule 3.

ROSELLINI, J., concurs with HAMLEY, C. J.

May 9, 1956. Petition for rehearing denied.