[No. 8523.   Department Two.   July 5, 1910.]

WASHINGTON SAFE DEPOSIT AND TRUST COMPANY,
*Respondent*, v. PAUL LIETZOW, *Appellant*.[1]

DEATH—EVIDENCE—SUFFICIENCY. The death of a person is sufficiently established by evidence that it was publicly announced in the daily papers of the city, and an undertaker testified that he had embalmed and shipped a body coming into his custody as that of the deceased.

MORTGAGES—ABSOLUTE DEED—EVIDENCE—SUFFICIENCY. The fact that a deed, absolute in form, was intended as a mortgage must be established by clear, satisfactory and convincing evidence, and is not shown where the grantor was indebted to the grantee, and conveyed to a trustee who had full power to sell for the amount of the debt, which was done, and no note or written evidence of the indebtedness was given.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered April 24, 1909, upon findings in favor of the plaintiff, in an action to quiet title, after a trial on the merits before the court without a jury. Affirmed.

*Munter & Lovejoy*, for appellant.

*Cullen & Dudley* and *Joseph Rosslow*, for respondent.

CROW, J.—Some years prior to 1904, Paul Lietzow was paid $1,000 by the Hamburg-Bremen Fire Insurance Company, and $500 by the Liverpool, London & Globe Fire Insurance Company, upon two separate policies of insurance for losses on property destroyed by fire. Early in 1904 he, claiming to be actuated by conscience, informed the insurance

[1] Reported in 109 Pac. 1021.

companies that he had burned the property to secure the insurance, and that he desired to make restitution. He then held a written contract for the purchase of eighty acres of land in Spokane county from the Northern Pacific Railway Company, upon which $80 of the consideration remained unpaid. On May 11, 1904, negotiations took place between him and one Harry C. Boyd, who represented the insurance companies, with the result that Lietzow assigned the contract of sale to Boyd as trustee for the companies. The contract was never recorded. The insurance companies paid the remainder of the purchase money, and the Northern Pacific Railway Company executed and delivered a deed to Harry C. Boyd, trustee. Thereafter Harry C. Boyd, at the request of the insurance companies, conveyed to Rudolph Herold, Jr., who held as their trustee. Although Boyd was a married man, his wife did not join in his deed. Later the Washington Safe Deposit and Trust Company, a corporation, the plaintiff herein, purchased the land from the insurance companies, taking a deed from Rudolph Herold, Jr., and caused its attorneys to examine the title. They called plaintiff's attention to the fact that the records failed to disclose any express trust; that the word "trustee" written in the deeds might have been used as description only; that the land might in fact have been the community property of Boyd and wife, and that quitclaim deeds should be obtained to quiet the title. Efforts were made to obtain these deeds, during which plaintiff learned of Lietzow's former connection with the property. In the meantime Boyd had died intestate, leaving a widow and heirs at law. To quiet its title plaintiff commenced this action against Paul Lietzow, the insurance companies, the widow and heirs of Boyd, and all unknown persons and parties claiming any right, title, estate, lien or interest in or to the land.

After service all the defendants were defaulted except Paul Lietzow who, answering, in substance alleged, that on August 11, 1904, he held the contract to purchase from the

Northern Pacific Railway Company; that he was indebted
to the insurance companies in the sum of $1,738.33; that
they requested him to assign the contract to Harry C. Boyd
so that he might obtain and hold the title until such indebted-
ness should be discharged; that Boyd was acting as trustee
and agent for the companies in obtaining security; that Liet-
zow assigned the contract for that purpose only; that there-
after the companies paid $62.40 principal and interest re-
maining due on the purchase price; that the railway com-
pany thereupon executed and delivered a deed to Boyd as
trustee, who conveyed to Rudolph Herold, Jr., to hold as
his successor for the insurance companies, and that Herold,
for the purpose of defrauding Lietzow, conveyed to the plain-
tiff corporation, which at the time had knowledge of all the
facts, and of Lietzow's interest. The plaintiff, in its reply,
alleged that the transfer and deed to Boyd as trustee were
absolute and not a mortgage. The trial court made findings
in favor of the plaintiff and entered a decree quieting its
title. The defendant, Paul Lietzow, has appealed.

The appellant, in substance, contended that the trans-
actions between him and Harry C. Boyd, which resulted in an
assignment of the contract of sale to Boyd and a subsequent
conveyance of the title to him as trustee by the Northern
Pacific Railway Company, created the relation of mortgagee
and mortgagor between him, as trustee for the insurance
companies and the appellant, and that he and his assignees
thereafter held the title as mortgagees securing appellant's
indebtedness. The trial court held that the absolute title
had passed. Appellant, by his assignments of error, con-
tends that the trial court erred (1) in not permitting him
to testify to conversations between himself and Boyd, whose
death had been alleged by respondent, and (2) in failing
to hold that Boyd took the title as mortgagee in trust for the
insurance companies.

Respondent introduced evidence to show that Boyd died
prior to the commencement of this action, and appellant now

contends that it was insufficient to establish the fact of his death. We hold it sufficient. His death was publicly announced in the daily papers of Spokane, was commonly reported and discussed in that city, and an undertaker, called as a witness for respondent, testified that he had embalmed and shipped a body which came into his custody as the body of, and under the name of, Harry C. Boyd.

As to appellant's second contention, we think the evidence shows that the transfer made to Harry C. Boyd, trustee, was an absolute conveyance. No note or obligation was given by appellant to Boyd, or to the insurance companies. While it is true that Lietzow's original indebtedness and the expenses incurred by the company were figured and ascertained, and that an unsigned memorandum stating the same was left with Lietzow by Boyd, we nevertheless conclude from all the evidence that the absolute title to the property was transferred to Boyd as trustee, with power to sell and convey. The evidence shows that the sale to respondent was made for a fair, adequate, and valuable consideration, without collusion or fraud. Before a deed absolute in form will be adjudged a mortgage, clear, satisfactory, and cogent proof must be produced to establish the fact that it was given as security for an indebtedness, and that both parties so intended. *Reynolds v. Reynolds*, 42 Wash. 107, 84 Pac. 579; *Sahlin v. Gregson*, 46 Wash. 452, 90 Pac. 592. We look in vain throughout the record for any direct, clear, satisfactory, or convincing evidence that the transfer was intended to be, or was, a mortgage. Boyd was dead, and the appellant was not permitted to testify to the negotiations between them which resulted in the assignment of the contract, and the execution of the deed by the Northern Pacific Railway Company. The only other person present at the negotiations was one Weister, a friend of the appellant, who testified as follows:

"Mr. Boyd stated that all his company desired was just simply to be paid the amount paid for the insurance, and Mr.

Lietzow was to turn over certain lands to them for this pur-
pose. Mr. Boyd thought that the land, possibly, was not
sufficient to balance his claim, but he would hold the land
until it would—or sell off that land, and whatever was over
and above that would satisfy their claim, was to be re-
turned to Mr. Lietzow."

This statement, if it indicates anything, shows that Boyd
was to take the title with power to sell and convey. That is
precisely what he and Herold did. The presence of Weister
at the negotiations had been requested by appellant who called
him as a witness. Yet he makes no statement showing, or
tending to show, that the transaction was intended as a
mortgage. On the contrary, his evidence indicates that it
was not so intended. Boyd's power to sell and convey and
the absence of any written obligation executed by appellant
are inconsistent with the mortgage theory. No note or other
written evidence of appellant's indebtedness was given by
him. A deed absolute upon its face will not be held a mort-
gage except upon clear, convincing, and positive evidence.
Had the parties intended this deed to be a mortgage, it
would not have been difficult to execute some instrument or
memorandum signed by one or both of them disclosing such
intention. Appellant claims that some such instrument was
signed and delivered to him by Boyd. He has been unable
to produce it, although he did produce an unsigned memo-
randum in Boyd's handwriting not sufficient to sustain his
contention. It seems strange that he should so carefully re-
tain this useless memorandum, and at the same time misplace
the one which would have established the rights he now seeks
to enforce. The evidence was not sufficient to show a mort-
gage.

The judgment is affirmed.

Rudkin, C. J., Parker, Mount, and Dunbar, JJ., concur.