[No. 9334. Department Two. January 20, 1911.]

JOHN M. DEMPSEY, *Appellant*, v. MARY L. DEMPSEY, *Respondent*.[1]

MORTGAGES—ABSOLUTE DEED AS MORTGAGE—EVIDENCE. A deed may be shown by parol to have been intended as a mortgage, but the evidence must be clear, cogent, and convincing.

WITNESSES — COMPETENCY— TRANSACTIONS WITH DECEASED. A widow, the defendant in an action to quiet title, cannot testify to statements made by her deceased husband as to his interest in the property in dispute; since she is a party in interest and to the record, within Rem. & Bal. Code, § 1211, prohibiting such a party from testifying to transactions with the deceased.

EVIDENCE—SELF-SERVING DECLARATIONS. In an action against a widow to quiet title, evidence of declarations to third persons by her deceased husband as to his interest in the property are inadmissible as self-serving.

SAME—DECLARATIONS—ADMISSIONS AGAINST INTEREST. A declaration by a father, at the time of the purchase of property in his son's name, that the deed was so taken to secure advances made to him by the son, must be measured in the light of the whole transaction, and is not necessarily a declaration against interest merely because it shows an indebtedness.

MORTGAGES— ABSOLUTE DEED AS MORTGAGE—EVIDENCE—SUFFICIENCY. Where property was purchased in the name of a son, and the father built a house and lived on the property, the fact that the deed to the son was not recorded and was kept in the possession of the father until his death is not sufficient to overcome the presumption that the deed speaks its true intent and was not intended as a mortgage to secure advances made by the son .

EVIDENCE—RES GESTAE—WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEASED. Where the statute renders incompetent the evidence of declarations by a deceased person respecting his title to the property in dispute, it cannot be received as a part of the *res gestae*.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered August 2, 1910, upon findings in favor of the defendant, after a trial on the merits

[1]Reported in 112 Pac. 755.

before the court without a jury, in an action to quiet title. Reversed.

*Geo. H. Funk,* for appellant.

*Troy & Sturdevant* and *Gordon Mackay,* for respondent.

CHADWICK, J.—Patrick Dempsey married respondent on February 17, 1908. They lived together until the time of his death, which occurred on October 27, 1908. Patrick Dempsey, so far as the testimony shows, had but little available property, although he was the owner of an undivided interest in 320 acres of land situate in Thurston county, yielding a rental return of $35 or $40 a month, all of which was used by him with the consent of his cotenants, two sons by a former marriage, one of whom is the appellant. In June, 1908, appellant gave Patrick Dempsey $540. The purpose of this advance was to enable the elder Dempsey to purchase a lot in the city of Olympia upon which he might build a home. This he did, paying for the lot $475 out of the money advanced by appellant. The deed was made to the appellant, as grantee, and was probably retained by Patrick Dempsey up to the time of his death. The deed was afterwards recorded by appellant. The erection of a dwelling house upon the lot so purchased was begun about July 4, 1908. Pending its construction, appellant advanced $85, and later Patrick Dempsey and his two sons executed a mortgage upon a part of the 320-acre tract, for the sum of $1,400. This sum with the previous advances met the whole cost of the lot and building, unless it be that respondent paid for clearing and grading a part of the lot, at some cost the exact amount of which is left uncertain, but is admittedly under $50. After the death of Patrick Dempsey, respondent continued to remain in possession of the property, and in March, 1909, filed a declaration of homestead thereon. Appellant has paid the taxes, and in furtherance of his claim of ownership, says—and in this he is sustained by his brother—that as between him

and his brother and his father, he was to assume and pay the mortgage out of his own earnings.

It is the theory and claim of appellant that the property was purchased and the house erected pursuant to an understanding that the property was to be his property, with a right of occupation in his father during his lifetime. Respondent contending, and the lower court holding, that the purchase price of the lot was advanced as a loan, a decree was accordingly entered, establishing a lien for the sum of $475, and $33.70 taxes, and directing the execution of a quitclaim deed.

It may be set down as a premise, from which a correct judgment must flow, that a deed regular in form is presumptive evidence of the highest character that it voices the intention of the parties. Devlin, Deeds (2d ed.), § 1136. This court, acting in harmony with that sentiment that would arrive at the truth of each controversy, has rejected from the first the common-law rule that testimony would not be received to show a deed to be in fact a mortgage, as well as the earlier rule of the chancery courts that it would only be received to show a fraud or mistake, and declared that the true intent of the parties may be shown by any competent testimony; but in such cases the evidence relied upon should be of the most clear, cogent, and convincing character. *Dabney v. Smith*, 38 Wash. 40, 80 Pac. 199; *Reynolds v. Reynolds*, 42 Wash. 107, 84 Pac. 579. However, evidence is a means to ascertain the truth, and where declarations of a deceased person are involved, rules have been declared by statute, for it is as important that the truth be protected as it is that it be declared.

As against the form of the deed, respondent relies upon statements made by Patrick Dempsey to her, and to the scrivener who made out the deed, and to her daughter. These statements are to the general effect that the property was to be his, that the advance was in fact a loan, and that the property was of a community character, being intended for

a home for himself and wife. In no instance was appellant present at the time these declarations are said to have been made. Nor are any circumstances shown that would bind appellant to the acknowledgment of anything testified to by these witnesses. The testimony of respondent is clearly incompetent under the statute. Rem. & Bal. Code, § 1211. She is not only a party to the record, but is also a party in interest. The testimony of third persons tending to prove declarations on the part of the deceased must likewise be rejected, for the reason that they are self-serving and therefore incompetent; or to restate the proposition, they would not be competent if Patrick Dempsey were alive and a party to the action; hence, cannot be received after his death. Testimony cannot be given a higher degree of credit than it is entitled to because of the death of a party in interest.

Counsel for respondent contends that statements made at the time the deed was executed were at least declarations against interest, and should be received because they show that deceased had become the debtor of appellant. But this declaration of indebtedness, if received, must be measured in the light of the whole transaction, and the most that could be claimed for it is that it would raise a doubt. In such cases the doubt is resolved in favor of the deed as written, under the rule requiring clear and convincing evidence, and the statements, if held to be competent, would be unavailing to respondent. Nor do we think, considering the same rule, that the fact that the deed was kept in the possession of Patrick Dempsey is sufficient to overcome the presumption that the deed speaks its true intent. It is a circumstance, but if true it would not be inconsistent with the lodgment of title in appellant.

Counsel further insist that the declarations of Patrick Dempsey should be received as a part of the *res gestae*. We do not understand the rule of *res gestae* to apply, when the transactions and declarations of deceased persons are under scrutiny, to the extent of overcoming the statute which would

otherwise exclude the evidence. We have given no heed to the testimony of the same character offered by appellant, but it may be pertinent to say that, if all of the declarations offered by respondent be received, they are met by like declarations testified to by appellant and his witnesses. So that, if the testimony on either side were competent, we would be brought back to the original proposition that the deed will not be held to be a mortgage where the testimony is doubtful or conflicting.

The judgment of the lower court is reversed, and the cause remanded with instructions to enter such decree as may be consistent with this opinion.

DUNBAR, C. J., RUDKIN, MORRIS, and CROW, JJ., concur.