[No. 11322.  Department Two.  November 29, 1913.]

JOHN HANSEN, *Appellant*, v. N. B. ABRAMS *et al.*,
*Respondents.*

JOHN HANSEN, *Appellant*, v. HARRY QVIKSTAD *et al.*,
*Respondents.*[1]

MORTGAGES—ABSOLUTE DEED AS MORTGAGE—DEGREE OF PROOF. Strict
proof by clear, unequivocal and convincing evidence, is required that
a deed absolute in form was intended as a mortgage, where the
evidence was inconsistent and irreconcilable.

SAME—EVIDENCE—SUFFICIENCY. Findings that a deed absolute in
form was not intended as a mortgage are sustained, where the evi-
dence was conflicting, the grantor's evidence was full of glaring in-
consistencies, and he had subsequently given a receipt in full of all
demands.

Appeal from judgments of the superior court for King
county, Albertson, J., entered November 20, 1912, dismissing
on the merits consolidated actions for equitable relief, after a
trial to the court. Affirmed.

*James R. Chambers*, for appellant.

*Frank S. Griffith, Ralph A. Horr*, and *William D. Totten*,
for respondents.

MORRIS, J.—It was sought in these two cases, consolidated
below, to have instruments, which upon their face were abso-
lute conveyances, declared to be mortgages. In the first
action, the instrument was a deed conveying two lots in the
city of Seattle; in the second, it was a bill of sale to an un-
divided one-half interest in the furniture and fixtures of a
rooming house located at 716 Dearborn street, Seattle, known
as the Hotel Norway. The appellant and his then wife exe-
cuted each of these instruments to the respondent Abrams,

[1]Reported in 136 Pac. 678.

on August 15, 1910, and commenced these actions in March, 1912. The lower court entered its decree in favor of the respondents, and this appeal followed.

It is impossible to make any definite statement of the facts in these cases, as the evidence is so irreconcilably in conflict that any attempted statement of facts could be no more than a recital of the respective contentions; and as the question submitted to the court is to be answered as the court finds the facts to be, no conclusion under such circumstances can be reached which leaves the mind free from doubt. It would be useless to refer to the rules of law applicable to cases of this character. They are too well settled and have been too long adhered to to attempt to add anything new. It is conceded that one who attempts to have a deed absolute in form decreed to be a mortgage only is required to make strict proof of the fact by evidence that is clear, unequivocal, and convincing. Counsel for appellant refers to this rule as a technical rule, and argues that the trial court gave entirely too much strength to the deed and bill of sale. It is not technical, when in cases of this character the evidence on material points is inconsistent and irreconcilable, for the trial court to credit material and competent evidence which clearly tended to show that there was no loan of money but a positive and express refusal to make a loan, and that the deed and bill of sale were not accepted as security but were intended by the parties to be conveyances in pursuance of absolute sales. After hearing such testimony, it is rare that any trial judge, recognizing the rules of law applicable to cases of this character, would hold otherwise than did the court below; and the fact that the testimony in behalf of plaintiff would, if it had been believed by the trial court, demand a different finding, will not lead to a reversal of the lower court's decree unless the evidence so preponderates in favor of the plaintiff's contention that the appellate court can say the lower court was not justified in accepting the contention of the defendants as the true

facts of the situation. We cannot say there is such a preponderance in these cases.

The trial judge's conclusion, after hearing the evidence in this case, is best expressed in his own language:

"I have reached the very deliberate conclusion that the presumption of veracity which the law gives to a deed absolute on its face ought not to be overthrown by the testimony offered by the plaintiff in these suits. His own testimony is so full of glaring inconsistencies and equivocations that it is not entitled to such credit as should overthrow the deed which he executed with full knowledge of its contents. The testimony of the defendants is not entirely satisfactory to the court but I have no hesitation in granting judgment for the defendants upon the whole testimony in the case."

The decree of the lower court is strengthened by the fact that, subsequent to the commencement of the actions, the appellant sought a small loan from Abrams. This, according to Abrams and a corroborating witness, was refused. Abrams then gave appellant $15, and appellant then executed the following receipt:

"Seattle, Feb. 10, 1912.

"Received from Norman B. Abrams, Fifteen dollars ($15) in full settlement and in satisfaction of all claims and demands of any nature both legal and equitable heretofore existing or claimed to be existing in my favor against said Norman B. Abrams, and he is hereby released and exonerated from all such claims and demands. This receipt shall be taken in all courts and places as evidence that all claims as aforesaid have been fully paid, satisfied and discharged and shall forever operate as a receipt in full of all demands. (Signed)      John Hansen.
Witness—(Signed)   Fred I. Christ."

Appellant contends that the only writing upon this receipt when he signed it was: "Seattle, Feb. 10, 1912. Received from Norman B. Abrams Fifteen Dollars (15.00)," and the remainder of the receipt is a forgery. But his evidence upon this charge is not sufficient to warrant such a finding.

Like the trial court, upon the whole record, we are of the

opinion that appellant has not sustained his complaints, and the judgments are affirmed.

CROW, C. J., MOUNT, FULLERTON, and PARKER, JJ., concur.