[No. 12360.    Department Two.    April 20, 1915.]

## T. C. Nutter et al., Appellants, v. Cowley Investment Company et al., Respondents.[1]

Mortgages—Absolute Deed as Mortgage—Evidence. When property has been conveyed by a deed absolute in form, without any contract of defeasance or other written instrument showing that it was intended as a mortgage, the contention that it was intended as a mortgage required clear, convincing and cogent evidence to uphold it.

Appeal and Error—Review—Harmless Error. In an action to have a deed adjudged to be a mortgage, to which the defendants answered that the deed was absolute and not intended as a mortgage, error of the court in failing to so find, and entering a decree of foreclosure cannot be reversed on plaintiff's appeal, where defendant filed no cross-appeal and accepted the decree of foreclosure; since the error was prejudicial to defendants and not to plaintiffs.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 25, 1914, upon findings in favor of the defendants, in an action to reform a deed, tried to the court. Affirmed.

*Shorett, McLaren & Shorett,* for appellants.

*Howard H. Startzman,* for respondents.

Crow, J.—This action was commenced by T. C. Nutter and M. A. Nutter, his wife, against the Cowley Investment Company, a corporation, and W. M. Cowley, to have a deed adjudged to be a mortgage, and for the further purpose of obtaining credits on the alleged mortgage indebtedness by reason of usury exacted by the defendants. The only interest the defendant W. M. Cowley seems to have in the litigation is that he is an officer of the corporation, the grantee named in the deed, and acted in its behalf. The defendants, by their answer, alleged that the deed was absolute, and that it conveyed the fee simple title; denied that it was intended as a mortgage, and alleged that the defendant corporation

[1]Reported in 147 Pac. 896.

contracted to resell the property to plaintiffs. After hearing the evidence, the trial judge announced that, in his opinion, the plaintiffs had taken an undue advantage of the defendants; that the plaintiffs intended the deed to be a mortgage, but that the defendants understood and intended it to be an absolute conveyance. The trial court, however, found that the deed was a mortgage; that no usury had been exacted by defendants, and that the indebtedness secured, and which was due from plaintiffs to the defendant corporation, was $1,640, with interest from June 17, 1913, at eight per cent per annum. Upon these findings, a decree was entered, adjudging the deed to be a mortgage and decreeing its foreclosure, without costs to defendants, but with costs to plaintiffs. From this decree, the plaintiffs have appealed.

Appellants contend that the trial judge erred in entering a decree of foreclosure, in permitting the cross-complaint of the respondents to be amended for the purpose of asking a foreclosure, in determining that any indebtedness was due, and, because of the alleged usury, in allowing interest to defendants.

The evidence shows, that the real estate formerly belonged to appellants; that title thereto had been conveyed to one Rinhor Reetz, who had commenced an action against them to quiet his title; that Rinhor Reetz and appellants, on November 6, 1912, entered into a written stipulation whereby it was agreed that, within six months, appellants should pay Reetz $1,500, with six per cent interest, who, in the event of such payment, was to dismiss the action and convey the real estate to appellants; otherwise Reetz was to have judgment quieting his title. It further appears that appellants did not pay Reetz within the six months; that to settle with him, they applied to respondents for a loan; that respondents examined the property and, after some negotiations, refused to make a loan for the sum necessary to pay Reetz and satisfy delinquent taxes and assessments; that further negotiations between appellants and respondents resulted in respondents

paying a compromise sum to Reetz, a small sum to appellants, and certain taxes and assessments which, with other expenses, the trial judge found amounted to $1,530, and that Reetz, on June 17, 1913, conveyed the property to appellants, who in turn conveyed it by absolute deed to the respondent corporation. It further appears, that on the same day, June 17, 1913, appellants executed, acknowledged, and delivered to the respondent corporation a written disclaimer, in which they, in substance, recited the above transactions, and further stated that, whereas

"these parties [appellants] are wholly without money with which to pay off the claim of said Reetz, and have requested The Cowley Investment Company to take up said Reetz claim and give said Nutters a contract of sale for said premises all of which will more fully appear by contract of sale this day made by said Investment Company to T. C. Nutter. That had it not been for the action of said Investment Company said land would have been wholly lost to said T. C. Nutter and wife,

"Now, therefore, in consideration of the above recital of facts and of the sum of one dollar to it in hand paid by said Cowley Investment Company, said T. C. Nutter and May A. Nutter his wife, hereby disclaim that they have any interest in and to the above described real estate, other than the right of purchase as evidenced by said real estate contract, and acknowledge the title in said Cowley Investment Company to be absolute, subject only to said contract of sale, that said Investment Company does not hold said title as mortgagee, and has the right to forfeit said contract, strictly according to the terms thereof;"

that respondents prepared and executed a contract to resell the real estate to appellants at a price and upon terms to which appellants had agreed; that appellants failed to execute the same; that by this contract, respondents agreed to resell the property to appellants for $1,675, an advance of $150 over and above amounts paid out by them; that the same was to be payable, $10 in cash, and in installments of $100 every three months until June 17, 1916, when the remainder

was to be paid in full, deferred payments to bear interest at eight per cent per annum; that appellants not only failed to execute this contract, but also failed to make any further payments on the purchase price, and that on October 20, 1913, the respondent corporation served upon appellants written notice of a forfeiture of the contract of sale in accordance with its terms, for nonpayment of the purchase money.

It was after service of the notice of forfeiture that appellants commenced this action. Their claim for usury is predicated on the advance of $150 demanded by respondents on a resale, and upon other charges for expenses which appellants contend were wrongfully made by respondents. The oral evidence given by appellant T. C. Nutter and by witnesses on his behalf, was to the effect that the only negotiations between appellants and respondents were for a loan, and that the deed was intended to be a mortgage. The written documents refute this evidence. The oral evidence of the respondent W. M. Cowley and other witnesses was to the effect that the deed was absolute, and that the respondent corporation agreed to give a contract reselling to appellants. The respondent corporation, in its answer, pleaded the contract of sale and its forfeiture, and demanded that its title be quieted. It did not claim the deed was a mortgage, nor did it demand foreclosure. When the trial judge announced his determination to decree a foreclosure, appellants objected, for the reason that no such relief was demanded in the answer. Thereupon the trial judge ordered that the answer be amended so as to demand foreclosure. Respondents have accepted the decree, taking no cross-appeal.

We have carefully examined the evidence and conclude that the trial judge erred in holding the deed to be a mortgage. We are satisfied that it was an absolute conveyance, and was so intended by the parties. All written instruments before us indicate this fact most clearly. No note was executed to respondents by appellants. We have repeatedly announced the rule that when property has been conveyed

by a deed absolute in form, without any contract of defeasance, or other written instrument showing that it was intended as a mortgage, clear, convincing and cogent evidence will be required to establish the contention that it was intended as a mortgage. *Washington Safe Deposit & Trust Co. v. Lietzow*, 59 Wash. 281, 109 Pac. 1021; *Dempsey v. Dempsey*, 61 Wash. 632, 112 Pac. 755; *Johnson v. National Bank of Commerce*, 65 Wash. 261, 118 Pac. 21; *Kegley v. Skillman*, 68 Wash. 637, 123 Pac. 1081; *Hansen v. Abrams*, 76 Wash. 457, 136 Pac. 678.

The evidence is clear and convincing to the effect that the deed was what it purported to be, an absolute conveyance of the fee simple title, and had respondents interposed a cross-appeal, we would reverse the finding of the trial court that it is a mortgage. There is, however, no cross-appeal, and the decree that the deed was a mortgage being erroneous only, and not void, cannot be reversed on plaintiffs' appeal. It follows from our findings that no question of usury can be considered by us. In fact, there was no usury. We further find that the amount which the trial judge found to be due respondents is sustained by the evidence, as it was the purchase price which appellants agreed but failed to pay for a reconveyance.

Appellants contend, that the trial court erred in decreeing a foreclosure, as neither party demanded any such relief; that a foreclosure decree was without the issues, and that no relief can be granted a party upon a theory contrary to that disclosed by his pleadings. In support of this contention they cite *Clemmons v. McGeer*, 63 Wash. 446, 115 Pac. 1081; *Ford v. Aetna Life Ins. Co.*, 70 Wash. 29, 126 Pac. 69, and *Keeler v. Parks*, 72 Wash. 255, 130 Pac. 111. These cases are not pertinent to the issues now before us. Here the respondents claimed an absolute title. Appellants contended for a mortgage. On these issues the trial judge erroneously held against respondents, who have not appealed. They accept the decree of foreclosure. The error committed

in entering such a decree was prejudicial to respondents and beneficial to appellants. Had the trial judge held the deed absolute, as he should have done, appellants would be without any remedy, and would lose all interest in the property. As it is, respondents having accepted the erroneous decree, appellants have obtained a right of redemption from foreclosure sale to which they were not entitled. The record does not show whether there has been an execution sale on the decree; but whether there has or not, the period of redemption has not expired, as the decree of foreclosure was entered on May 25, 1914.

There being no error prejudicial to the appellants, or of which they can complain, the judgment is affirmed.

MORRIS, C. J., MAIN, ELLIS, and FULLERTON, JJ., concur.