[No. 15887.  Department Two.  June 4, 1920.]

## C. W. BOOST et al., Appellants, v. FRANK CAPEN et al., Respondents, ELIZABETH McDOWELL, Defendant.[1]

MORTGAGES (23)—ABSOLUTE DEED AS MORTGAGE—EVIDENCE—SUF-
FICIENCY.  A deed of a half interest in a farm is not shown by clear,
satisfactory and cogent proof to have been intended as a mortgage,
where the evidence of one party that the deed was to secure ad-
vances to finance the farm was directly contradicted, no evidence
of indebtedness was taken, and no rate of interest agreed upon,
and there was direct evidence of a sale of the half interest for an
agreed price, which was to be put into the farm and was in fact
advanced to clear up the grantor's debts and run the place.

Appeal from a judgment of the superior court of
Thurston county, Wright, J., entered October 15, 1919,
in favor of the defendants, in an action for partition,
tried to the court.  Reversed.

*Wood, Montague & Matthiessen,* and *Troy & Sturde-
vant,* for appellants.

*Frank C. Owings,* for respondents.

MOUNT, J.—This action was brought by the plain-
tiffs, who alleged they were owners of an undivided
one-half interest in certain described eight hundred
acres of land in Thurston county.  The prayer was for
partition of the premises between the plaintiffs and
the defendants.  For answer to the complaint, the de-
fendants denied that the plaintiffs were the owners in
fee of an undivided one-half interest in the land and,
by affirmative defense, alleged that the deed which had
been executed by the defendants to the plaintiffs was
intended to be, and was in fact, a mortgage.  For reply,
the plaintiffs denied the affirmative allegations of the
answer.  Upon these issues, the case was tried to the

[1]Reported in 190 Pac. 240.

court without a jury, and resulted in a judgment to the effect that the deed given by the defendants to the plaintiffs was in fact a mortgage, and that there was $7,467.10 due from the defendants to the plaintiffs. The plaintiffs have appealed from that judgment.

At the trial of the case, the appellant, Mr. Boost, offered in evidence a deed which was executed on November 24, 1915, by the defendants to the plaintiffs. He then testified that the property was incapable of division without a sale. The defense then endeavored to show that the deed, which was a general warranty deed in form, was in fact a mortgage. This was the sole disputed question in the case, and is the only one presented here for our determination.

The rule in this class of cases is, as stated by this court many times:

"Before a deed absolute in form will be adjudged a mortgage, clear, satisfactory, and cogent proof must be produced to establish the fact that it was given as security for an indebtedness, and that both parties so intended." *Washington Safe Deposit & Trust Co. v. Lietzow,* 59 Wash. 281, 109 Pac. 1021.

In the case of *Nutter v. Cowley Investment Co.,* 85 Wash. 207, 147 Pac. 896, we said:

"We have carefully examined the evidence and conclude that the trial judge erred in holding the deed to be a mortgage. We are satisfied that it was an absolute conveyance, and was so intended by the parties. All written instruments before us indicate this fact most clearly. No note was executed to respondents by appellants. We have repeatedly announced the rule that when property has been conveyed by a deed absolute in form, without any contract of defeasance, or other written instrument showing that it was intended as a mortgage, clear, convincing and cogent evidence will be required to establish the contention that it was intended as a mortgage."

The only evidence in this record even tending to show that the deed executed by the respondents to the appellant in November of 1915, was intended to be a mortgage was the evidence of Mr. Capen, one of the grantors. His testimony in effect was that the appellant, Mr. Boost, was his wife's uncle; that Mr. Boost agreed to advance money with which to run the place, and that the deed was intended as a mortgage to secure these advances. It was not claimed that any note or other evidence of indebtedness was ever given, or that any rate of interest was ever agreed upon or discussed.

The testimony on behalf of the appellant, Mr. Boost, was to the effect that he was informed by the respondents, Mr. and Mrs. Capen, that they were largely in debt; that they were not able to finance the farm; that they had lost thereon $16,000 in a few years prior to this transaction; that Mr. Capen wanted to sell the farm; that Mr. Boost said to him that he thought it would be better for Mr. Capen to let some one purchase a half interest and furnish money to conduct the farm. Mr. Capen said to this, "You are the only man I would enter into that kind of a contract with"; that Mr. Boost agreed to purchase an undivided one-half interest in the farm for $6,000, and to assume one-half of a mortgage of $6,000 then upon the farm; that it was agreed between them that the farm at that time was worth $12,000 or $13,000, and that the purchase money should be put into the farm.

Mr. Boost thereupon paid $500 upon the purchase price to Mr. Capen, who executed a warranty deed, regular in form, for an undivided one-half interest to Mr. Boost, and had the same recorded and sent it to Mr. Boost at Portland, Oregon. Thereafter Mr. Boost paid personal debts of Mr. Capen amounting to more than $3,000. And afterwards, in the next two years

and a half, advanced for the use of the farm a total of something over $8,000.

We have carefully examined the abstract of the evidence in this case, which is full and complete, and to which no exceptions have been taken by the respondent, and we are satisfied therefrom that the evidence in this case is neither clear, cogent nor convincing that this deed, absolute upon its face, was intended as a mortgage; and but for the fact that the trial court, seeing and hearing the witnesses, concluded otherwise, we think there could be no serious question that the great weight of the evidence is with the appellant to the effect that the deed was exactly what it purports to be, a straight deed for an undivided one-half interest in the land.

The testimony of the parties directly interested is in conflict. There is no circumstance favoring the respondent, who seeks to have the deed declared to be a mortgage, except that his evidence was that the property, at the time of the execution of the deed, was of the value of $35,000 or $40,000. That fact is disputed by many facts in the case. It had been rented for a number of years for $300 per year. In 1915, at the time the deed was made, the farm had not been paying the expenses of the respondents and was very much run down. In other words, respondents were unable to make a living on the farm and had gone in debt several thousand dollars. There is evidence, also, from disinterested parties, that the farm at that time did not exceed in value $13,000. It is true that, in 1917, a sale was made of 160 acres for $6,500, and in April, 1918, 200 acres were sold for $10,000, and at about the same time timber was sold to the amount of some $2,400, but this was some two years after Mr. Capen had sold an undivided interest to Mr. Boost.

On the other hand, the circumstances tend strongly to corroborate Mr. Boost to the effect that the deed was an absolute deed of an undivided one-half interest in the land. As we have said before, no note or other evidence of debt was taken. Immediately after the transfer, Mr. Boost went upon the land and for more than two years spent one-half of each month thereon, working and advising as to the management. After Mr. Boost's deed was recorded, the bank account was changed from Mr. Capen's name to "Capen & Boost," and notes were executed by Capen signed "Capen & Boost." Mr. Capen, upon certain occasions, stated that Mr. Boost was his partner in the farm. In the mass of correspondence that passed between Mr. Capen and Mr. Boost, Mr. Capen frequently addressed Mr. Boost as "Dear Pard." Mr. Boost took an active interest in all the affairs of the farm. These circumstances, we think, indicate clearly that Mr. Capen regarded Mr. Boost not as one holding a mortgage, but as one having an equal interest with him in the farm.

In all the correspondence we find no reference made to a loan. There is no reference anywhere of any interest charged. When the sales of land and timber above referred to were made, the contracts taken back were to Capen & Boost. The money received upon these contracts was paid to Capen & Boost and was used upon the farm. Every circumstance in the case shows conclusively that Mr. Boost was not a mortgagee, but was an undivided one-half owner of that farm. In fact, all the circumstances which are corroborative of the facts in the case strongly tend to corroborate the appellant to the effect that the advances made by him were made not as loans, but as investments in the farm itself. Where the rule is that the evidence must be clear, cogent and convincing that

an instrument upon its face is other than what it purports to be, we are necessarily driven to the conclusion in this case that the court erred in finding this deed to be in fact a mortgage.

The judgment of the lower court is therefore reversed, and the cause remanded with instructions to enter a judgment of partition as prayed for in the complaint.

HOLCOMB, C. J., FULLERTON, BRIDGES, and TOLMAN, JJ., concur.