[No. 8494.  Department Two.  January 25, 1910.]

J. C. GUNBY, *Respondent*, v. L. P. INGRAM *et al.*, *Appellants*.[1]

MORTGAGES—DEFAULT IN INTEREST—MATURING OF WHOLE DEBT—WAIVER.  A provision in a mortgage that the whole debt shall become due in case of nonpayment of interest is waived if the mortgagee does not manifest intention to claim it prior to tender of the interest.

SAME—TENDER—AFTER ASSIGNMENT—NOTICE.  Where a mortgagor had no notice of the assignment of the mortgage, tender of interest to the mortgagee is sufficient, and prevents exercise of an option to declare the whole debt due.

SAME—TENDER—BY CHECK—SUFFICIENCY.  The mailing of a check for interest due on a mortgage is a sufficient tender to pre-

[1]Reported in 106 Pac. 495.

7—57 WASH.

vent the exercise of an option to declare the whole debt due, where all other payments of interest had been made by check, and no objection was made to the character of the money or specie tendered.

MORTGAGES—PAYMENT BY CHECK—EVIDENCE—SUFFICIENCY. The evidence sufficiently shows that previous payments of interest on a mortgage note had been made by checks, where the mortgagor so testified according to his best judgment and that such was his custom, the mortgagee did not testify, and there was no other evidence on the subject.

PLEADING—SUPPLEMENTAL COMPLAINT—PREMATURE ACTION. Where an action is prematurely commenced, it cannot be made the basis for a supplemental complaint upon the maturing of the debt.

Appeal from a judgment of the superior court for King county, Frater, J., entered April 27, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage. Reversed.

*Carkeek & McDonald*, for appellants.

*Karr & Gregory*, for respondent.

DUNBAR, J.—This is an appeal from a real estate foreclosure judgment. On the 5th day of June, 1907, the appellants executed two promissory notes to Lusetta Newell in the sum of $5,000, which notes were secured by a real estate mortgage on certain property belonging to appellants. One note was duly paid and the other note of $2,500 remained unpaid. This note provided for the maturity of the whole debt, in case of nonpayment of interest when due. There was an installment of interest due on the unpaid note on the 5th day of March, 1908. It is claimed by appellants that, by agreement with Lusetta Newell, they were given until April 1 to pay the interest due March 5, viz., $50. It is the contention of the respondent that there was no agreement to this effect, but that Lusetta Newell simply allowed the interest to remain unpaid without taking any action in the matter. But we are satisfied from an examination of the record that there was an agreement to that effect. However, inasmuch

as the appellants did not pay the interest according to the. agreement, it seems to be unnecessary to discuss that proposition.

On the evening of the 2d of April appellant L. P. Ingram mailed to Lusetta Newell a check for $50, installment of interest, which it is admitted was received by her on the morning of the 3d day of April. On the 2d day of April Lusetta Newell sold and assigned the note in question to respondent J. C. Gunby, who prepared his complaint in foreclosure and filed the same on the next day, the 3d of April. Lusetta Newell did not apply the check to the payment of the interest due, and in a few days it was sent back to the appellant L. P. Ingram. The appellants were not notified of the assignment of the note to the respondent, excepting constructively by the recording of the assignment and through the service of the complaint. These matters which we have recited were set up in the answer, together with an allegation of tender to the clerk of the court of the $50 due. In July, after the motions and preliminary pleas were made, a supplemental complaint was filed, in which it was alleged that the sum of $2,500 gold coin, or principal sum mentioned in the promissory note spoken of before, together with interest thereon, had become due and payable, and still remained unpaid, and relief was asked accordingly.

It was decided by this court in *Weinberg v. Naher*, 51 Wash. 591, 99 Pac. 736, that an option in a mortgage note to declare the whole debt due for default in payment of interest could not be exercised after lawful tender of an overdue interest installment, and that some affirmative action must be taken by the creditor to announce the election to make due the whole note upon a failure to pay the portion which had become due; and we have decided that the commencement of an action before the tender of the amount due was one way in which such option could be exercised. Much is said in the briefs of respective counsel concerning what was decided in *Coman v. Peters*, 52 Wash. 574, 100 Pac. 1002, but in that

case the doctrine announced above was substantially declared, and that was the main proposition discussed and decided, viz., that whether there be words of option in the agreement or not, such a provision hastening the date of maturity of the whole debt is for the benefit of the payeé, and if he does not manifest any intention to claim it before tender is actually made, there is in law no default such as will cause the maturity of the debt before the regular time provided in the agreement. So far as this case is concerned, it is narrowed down to the proposition of whether a legal tender was made prior to the commencement of the action. While it is true that the assignment of this note was made to the respondent before the reception of the check by Lusetta Newell, the appellants had no notice of the assignment, and the sending of the check to Lusetta Newell would be a sufficient tender, so far as the parties are concerned, if it were otherwise good; for the relation of the debtor to the purchaser of the claim, when without notice to the debtor, is legally the same as to the original creditor.

Then, the pertinent question is, Was there a legal tender made to Lusetta Newell by the sending of the check and the receiving of the same by her before the commencement of the action, which it is conceded was the only notice of option given? There was some attempt to show notice by showing that notice had been given to the brother of appellant L. P. Ingram, but we think it was properly excluded by the court; and so far as the record is concerned, it must be conceded that no other notice was given. It may be conceded, we think, under universal authority, that a strictly good tender cannot be made by the offer of a check for the amount due. But it is well established that the creditor may waive the character of the money which is tendered, by raising no objection to the payment for the reason that it is not the character of money or specie that is called for in the obligation, or by raising some other objection which would exclude the idea of objecting on that ground. Consider-

ing the fact, which is a matter of common knowledge, that probably ninety per cent of the business of the mercantile world is now done through the medium of checks, drafts, etc., instead of by the transfer of gold and silver coin or even of any other species of legal tender, it would be a dangerous rule to announce, and one which could easily be turned into an engine of oppression if the tender of a payment, especially where it involved the maturing of obligations which were not then due, could not be made by check, where no question was raised as to the value of the check tendered, and especially, as in this case, where it was shown that the former payments involved in this transaction had been made by checks which were not objected to by the creditor. This state of facts was testified to by the appellant L. P. Ingram; that the payment of the $2,500, which had theretofore been made, and all the payments of the interest had been made in that manner. It is true that, upon cross-examination, he was compelled to admit that he could not remember positively the particular checks that he had issued, but his testimony was to the effect that it was his custom and method to do business through the agency of checks and in no other way, and that according to his best judgment the payments to the creditor had been made by checks. He was asked on cross-examination if he had not paid a certain person gold coin for the benefit of the creditor, and while he would not state positively that he had not, it having been a good while ago, yet he had no recollection of it and still maintained that he had paid by checks, and that no objection had ever been made to them. This person to whom it was intimated he might have paid money was not introduced as a witness in the case, Lusetta Newell herself did not testify on that subject, and the only testimony is that of the appellant Ingram, which bears the impress of truth; and we think it is reasonably established that the payments had theretofore been made through the medium of checks. If that is true, it would be an injustice to the appellants to re-

fuse to apply the payment to the interest due, and mature a large amount of money which was not then otherwise due, without any notification to the appellants of the reason for the refusal. Of course, if the first action was premature, which we are constrained to hold, it is manifest that it could not be the basis for the supplemental complaint which was filed in the case.

The judgment will therefore be reversed and the cause dismissed.

RUDKIN, C. J., PARKER, MOUNT, and CROW, JJ., concur.