[No. 11375.  Department Two.  January 21, 1914.]

THOMAS O. MUSSELMAN, *Appellant*, v. W. S. KNOTTINGHAM et al., *Respondents*.[1]

PROCESS—SUMMONS—BY PUBLICATION — MAILING COPIES—AFFIDAVIT OF PUBLICATION.  Upon a service by publication, a copy of the summons and complaint need not be mailed to the defendant's last known place of residence, where the affidavit for publication states that affiant does not know the place of residence of the defendant, in view of Rem. & Bal. Code, § 228, providing that the affidavit for publication shall recite that a copy of the summons and complaint has been deposited in the post office, directed to the defendant at his place of residence, unless it is stated that such residence is not known.

SAME—MAILING COPIES—DILIGENCE TO LOCATE DEFENDANT.  In an action to foreclose a mortgage, a service by publication is regular, without mailing a copy of the summons and complaint, where the defendant was not a resident of the county, diligent effort was made to locate him, both through the sheriff's and city marshal's offices,

[1]Reported in 137 Pac. 1012.

and publication was not commenced until shortly before the expiration of ninety days after filing the complaint, and the affidavit alleged that his residence was unknown.

MORTGAGES — FORECLOSURE — INSTALLMENTS — NOTICE MATURING WHOLE DEBT. Where there was no tender of interest overdue, an option in a mortgage to declare the whole mortgage due for nonpayment of interest is sufficiently exercised by the commencement of foreclosure proceedings.

Appeal from a judgment of the superior court for Adams county, Holcomb, J., entered February 4, 1913, dismissing an action to set aside a foreclosure decree and sale, tried to the court. Affirmed.

*Berkey & Cowan*, for appellant.

*C. H. Spalding*, for respondents.

MORRIS, J.—The lower court denied appellant any relief in an action to set aside a decree of mortgage foreclosure, together with the certificate of sale and sheriff's deed, upon the ground that the judgment of foreclosure was void because of lack of jurisdiction in the court, due to alleged fatal defects in the attempt to obtain service by publication. The objection to the sufficiency of the service by publication is that no copy of the summons and complaint was mailed to the appellant's last known place of residence. Our statute, Rem. & Bal. Code, § 228 (P. C. 81 § 149), provides that the affidavit for publication shall recite that a copy of the summons and complaint has been deposited in the post office, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known. The affidavit upon which this publication was based recites "that affiant does not know the place of residence of said defendant." This recital was a full compliance with the statute, and because thereof, it was not required that it should contain a further recital of the mailing of a copy of the summons and complaint. The record shows that appellant was not a resident of Adams county where the foreclosure suit was properly instituted, and that a diligent effort upon the part of the

attorney who had charge of the foreclosure proceedings and who made the affidavit to locate him so as to make personal service, both through the sheriff's office of Adams county and the city marshal of Odessa, was made, and that service by publication was not commenced until a few days prior to the expiration of ninety days after the filing of the complaint. We are, for these reasons, satisfied that service by publication was regular.

The foreclosure was had because of the default in the payment of taxes and an installment of interest, and complaint is now made that the lower court refused to permit appellant to make a showing that no notice was given him of the mortgagee's election to declare the whole sum represented by the mortgage to be due and payable because of default in the payment of interest and taxes. There was no tender of the interest due prior to the commencement of the foreclosure suit. The option contained in the mortgage to declare the whole debt due for nonpayment of interest was, therefore, sufficiently exercised by the commencement of the foreclosure proceeding. *Weinberg v. Naher*, 51 Wash. 591, 99 Pac. 736, 22 L. R. A. (N. S.) 956; *Gunby v. Ingram*, 57 Wash. 97, 106 Pac. 495, 36 L. R. A. (N. S.) 232.

Other reasons might be given why the judgment of the lower court was right, but as no other questions than those we have noticed are suggested by the appeal, no further discussion will be indulged in, and the judgment is affirmed.

CROW, C. J., PARKER, FULLERTON, and MOUNT, JJ., concur.