This suit was instituted on May 13. 1919, by B. McGuire, and wife, appellees, against the Cattlemen's Trust Company, J. J. Mulloy, and Ben Bassell, to cancel, in part, an oil and gas lease on a certain tract of land in Erath county, Tex.
The three defendants named filed disclaimers, and on the 11th day of November, 1919, appellees filed their first amended original petition, making J. W. Milner, individually and as trustee, a party defendant. By the amended petition appellees alleged that on January 29, 1918, they had executed and delivered to J. J. Mulloy and Ben Bassell an oil and gas lease on their homestead consisting of 222 4/5 acres of land, describing same; that on May 9, 1918, Mulloy and Bassell assigned the lease in so far as same covered 200 acres of the land to J. W. Milner, trustee. It was alleged that Milner had failed to comply with the provisions of the lease in that he had not commenced a well on the land or in the vicinity thereof within 12 months from the date of the lease (or by January 29, 1919), and had not paid the annual rental due on his portion of the lease on January 29, 1919, the amount of his portion alleged to be $200; that by reason of such failure to commence a well, or to pay the rental, said lease in so far as it covered the 200 acres assigned to Milner had lapsed and was surrendered and forfeited; that the original lease and the assignment to Milner had been recorded in Erath county and constituted a cloud on plaintiff's title. The unassigned portion of the lease was not involved in the suit. Plaintiff prayed for cancellation, and forfeiture of the assigned portion of the lease, and removal of cloud from title.
Appellant pleaded general denial and that portion of the lease allowing the assignment of portions of the lease; that appellant was *Page 422 
the owner of a portion of the lease by assignment from the original lessors. Appellant further pleaded other provisions of the lease, the material parts of which, as applied to the issues presented, will be stated in our findings of fact. Appellant pleaded tender of payment within time of the amount of rental due by mailing to appellees a check payable to appellees on a solvent bank in which appellant had money to meet the payment thereof on presentation; that appellees received said check in time to meet the rentals then due, "but refused to accept the same as payment of said rentals for the alleged reason, as assigned by them, that it reached them too late, and that the lease held by this defendant had been forfeited by them for nonpayment of such rental on or before January 29, 1919; that thereafter, to wit, on the 1st day of February, 1919, plaintiffs, acting by and through their agent and attorney, J. A. Johnson, returned said check to this defendant, and at the same time notified him that they would not thereafter receive from him the payment of any rental on said lease whatever, due or to become due." Appellant alleged that he has at all times been ready, able, and willing to pay all sums of money due as rental under the terms of the lease, and that he would have done so within the time provided in said lease, but has been prevented from doing so by the continued wrongful acts of appellees in attempting to declare a forfeiture of appellant's interests and rights. Appellant tendered into court the sums of money due as rentals up to the time of the trial, which sums of money were refused by appellees.
Appellees answered by general denial, alleged the receipt of the check on the 1st day of February, 1919, that they returned the check to appellant and informed him that the rentals were due on January 29, 1919, and they had declined to accept said check, and alleged the reasons for refusing to accept said check to be: First, the check was for more than appellees were entitled to receive as rentals at that time; second, that the lease provided for payment in money, and that no money was ever tendered to them as rentals.
The case was tried without a jury, and judgment rendered for appellees.
The facts are undisputed and are substantially as follows:
On the 29th day of January B. McGuire and wife executed and delivered the oil and gas lease to J. J. Mulloy and Ben Bassell. The lease embraced two tracts of land, one for 200 acres, and one for 22 4/5 acres. Later Mulloy and Bassell assigned the 200-acre tract to J. W. Milner, trustee. The 200-acre tract is the only one in controversy in this suit.
Among other provisions the lease contains the following:
"(3) To commence a well on said premises, or within the vicinity thereof, within 12 months from the date hereof, or thereafter pay at the rate of two hundred twenty-two and no/100 dollars ($222.00) in advance for each additional 12 months such commencement is delayed till a well is commenced or this lease is surrendered as hereinafter provided. Such payment may be made direct to lessor, or deposited at lessor's credit in the ____ Bank. * * * Lessee further agrees * * * that, if any payment of rental hereunder be not made when due, and such default shall continue for ten days after written notice, thereof given by lessor to lessee, then this lease shall, at lessor's option, become and be absolutely null and void. * * * If the estate of the lessor or lessee is assigned, and the privilege of assigning in whole or in part is expressly allowed, the covenants hereof shall extend to the assigns."
No well was commenced on any of the lands included in the lease, so that under the terms of the lease the first rental of $200 became due on the 29th day of January, 1919, on the 200-acre tract involved in this suit, and likewise on the 29th day of January, 1920. On the 30th day of January, 1919, Milner mailed at Fort Worth, Tex., a check for $222 to McGuire for the purpose of paying the rental on the 200-acre tract of land for the year 1919. The check was dated January 29, 1919, and was drawn on the Cattlemen's Trust Company of Fort Worth, a banking corporation of that city, and signed J. W. Milner, secretary and treasurer. Upon the receipt of the check by McGuire on the 30th or 31st day of January, 1919, McGuire, through his attorney, J. A. Johnson, returned the check to Milner, and with the check inclosed the following letter:
"J. A. Johnson, Attorney at Law.
"Stevenville, Tex., February 1, 1919.
"The Cattlemen's Trust Co., Fort Worth, Texas — Gentlemen: Mr. B. McGuire, of Gordon, Texas, R. F. D. No. 1, has just handed me your letter of date January 29, 1919, inclosing him a check for two hundred and twenty-two dollars, for two hundred acres of land, rentals out of the Espinosa survey in Erath county, Texas. As I understand it, you only hold an assignment to two hundred acres of this land. The lease under which you hold is dated January 29, 1918, and the rentals were due and payable to Mr. McGuire on January 29, 1919. Mr. McGuire did not receive these rentals by the last-named date, and under the terms of this lease the money should have been paid on or before the 29th day of January, 1919. Mr. McGuire respectfully declines to accept your check and has instructed me to return the same to you and to request of you that you kindly execute to him a release as to the two hundred acres which has been assigned to you. Trusting that you will see proper to execute this paper, and I am herewith inclosing you said check, I am,
 "Yours very truly, J. A. Johnson." *Page 423 
On February 3, 1919, Milner, by letter to Johnson, acknowledged the receipt of the above letter and check and stated that his attorney would take the matter up with him in a few days, and advising that any further correspondence should be directed to his attorney, naming him. On January 21, 1920, Milner caused the following check to be forwarded to McGuire.
"Fort Worth, Texas, Jan. 21, 1920.
"Pay to the order of B. McGuire $200, two hundred dollars to the Cattlemen's Trust Co., Fort Worth, Texas.
"Baylor B. Brown,
"Assistant Secy. Treas."
The check was likewise returned and indorsed on the back as follows:
"This lease was forfeited January 29, 1918, for nonpayment of rental, and I therefore return this check refused. B. McGuire."
Milner made no tender of any rentals as they became due under the lease contract except by checks as above. The checks sent by Milner to McGuire were good and would have been paid had they been presented to the bank upon which they were drawn. Johnson was fully authorized by McGuire to act for him in the matter of refusing to accept the checks and returning them to Milner, and in declaring the lease forfeited for nonpayment of the rentals. From the facts stated the trial court concluded as a matter of law, in substance, that McGuire was not bound to accept either one of the two checks in payment of the rentals, in lieu of the money called for in the lease. The court further concluded that the letter written by Johnson, attorney for McGuire, to Milner, was not a refusal to accept a tender of money due for the rentals.
Appellant's first six assignments are directed to the court's conclusions of law.
Under the first assignment it is insisted under two propositions that, where a party rejects a tender on specific grounds, he waives all other objections, and that the tender of a good check will be considered as a sufficient legal tender unless its refusal is expressly based upon the ground that it is not a legal tender money.
The first rental money was due and payable to McGuire on the 29th day of January, 1919. The first check for the rent money was mailed by Milner at Fort Worth on January 30th to McGuire at Gordon, Tex. The check was received by McGuire, and by X him delivered to his attorney, J. A. Johnson, with instruction to act for him fully in the matter. Johnson replied to Milner on February 1, 1919, saying:
"The rentals were due and payable to Mr. McGuire on January 29, 1919. Mr. McGuire did not receive these rentals by the last-named money should have been paid on or before the 29th day of January, 1919. Mr. McGuire respectfully declines to accept your check and has instructed me to return the same to you and to request of you that you kindly execute to him a release as to the 200 acres which has been assigned to you."
The letter does not make it clear that McGuire was demanding money instead of the check in payment of the rental. The fact is made clear that McGuire refused to accept the check, but, as it seems to us, both in intention and in fact, the refusal to accept the check was based on the ground that the rental should have been paid on or before the 29th day of January, and that the rental had not at that time been paid. If there could be any doubt as to the ground on which the attempted forfeiture was declared on return of the first check, we think all doubt was removed by the indorsement on the second check, restating the fact that the forfeiture was declared for nonpayment of the rent when due. Forfeitures are not favored in law, and we prefer to accept that interpretation which the language used and the acts of the parties most reasonably suggest as the real reason for the refusal to accept the check in payment of the rent.
The whole case rests upon the interpretation to be given to the language, the acts, and conduct of McGuire as to the ground upon which he refused to accept the check. The checks were really bank drafts, as they were drawn by the bank secretary and treasurer upon the principal bank. With the interpretation we give as to ground upon which the refusal to accept the check was based, the law is clear that a sufficient tender was made to prevent a forfeiture of the lease.
In Bessling Roller v. Hoyle Bro., 1 White W. Civ.Cas.Ct.App., § 289, Mr. Justice White said:
"Where a party places his refusal to accept upon certain specified objections, he cannot, after action brought, raise other objections to the tender or mode of tender."
In 26 Ruling Case Law, p. 628, subd. 7, it is stated to be a general principle that on objection to a tender on one ground is a waiver of all other objections which could have been made at that time, referring to many cases in other states than this which so hold.
In Gunby v. Ingram, 57 Wn. 97, 106 P. 495,36 L.R.A. (N.S.) at pages 232, 234, a number of cases are cited which hold that if a creditor, upon the presentation to him of a check, objects to the same, not upon the ground that it is a check, but for some other reason, he will be deemed to have no right to make an objection to the tender upon the ground that it was a check. The reason for the rule is stated in McGrath v. Gegner, 77 Md. 331,26 A. 502, 39 Am.St.Rep. 415, to be that all objection to the character of the tender will be considered as having been *Page 424 
waived, and for the further reason that, if objection had been made on the ground that the tender had not been made in lawful money, the party would have had the opportunity of getting the money and of making a good and lawful tender. Here, under the terms of the lease contract, Milner could have continued the lease by payment in money of the rental due at any time within 10 days after receipt of the Johnson letter of February 1st. The evidence shows that he could and would have done so had the objection to the tender of the rent been made on the ground that the tender was by check, and not lawful money. We have concluded that the tender of a good check will be considered a legal tender of money, unless its refusal is based upon the ground that it is not a legal tender money. The party offering the check as a tender takes his chance on a refusal to accept it. If no reason had been given for nonacceptance, the tender of the check would not have been a good tender.
Appellant tendered a check for the rent falling due on January 29, 1920. The check was received in due time, and was returned with the indorsement written on the back thereof:
"This lease was forfeited January 29, 1918 (evidently meaning 1919) for nonpayment of rental, and I therefore return this check refused. [Signed] B. McGuire."
All money due as rental was tendered into court on the trial. The record does not show the money was actually deposited into the registry of the court.
We have not discussed the assignments separately, but what we have said, we think, sufficiently indicates our view of the controlling issues presented in each of them.
For reasons stated, the case is reversed and remanded.
 On Motion for New Trial.
When writing the opinion we were under the impression that the record did not show that the money rentals due had been deposited into the registry of the court, and for that reason the case was remanded.
On further examination of the record we find that the money had been placed in the registry of the court. The motion of appellant to reverse and render is granted.
Reversed and rendered.